### FRANK ADKINS v. THE STATE.

No. 3466.    Decided March 21, 1906.

#### Local Option—Association—Sale.

Where upon trial for a violation of the local option law, the evidence showed that the defendant was steward of the Germania Association; that it was his duty to order beer for the members of the association and place it in the club

room for the members, and that they gave him the money to order beer and have it shipped into the local option territory where such club was located; and the members bought tickets from defendant at five cents, which represented their interest in the beer, and placed these tickets in a box and drew said beer from the keg by the glass. Held, that such fact established a sale in local option territory.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal. from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction is for violating the local option law. The facts are substantially, as follows: John Steakley, deputy sheriff of Johnson County, testified that defendant told him he was steward of the Germania Association; that his duty was to order beer for the members of the association, look after things, and see that nothing was unlawfully taken from the association. Defendant said he ordered beer for the association and placed it in the club room for the members; that he never sold a drop of intoxicating liquor, since local option went into effect in Johnson County. That he only accepted the money delivered to him by the members of the association, and with that money ordered beer from Fort Worth for the members.

John Filgo stated that he was a member of the Germania Association; paid a dollar for certificate of membership to Karl Feige, secretary and treasurer: "We get tickets which represent our interest in the beer the steward orders for us, and when the keg of beer comes, we put a ticket in the box and draw a glass of beer. Each ticket represents one glass of beer. I put in the box 5 cents for each ticket, then I took. one ticket and got a glass of beer on the next night. We usually procure five tickets, which entitle us to drink five glasses of beer. I drank some beer on September 6th at the Germania Association. I took a ticket, placed it in the box, and drew from the keg of beer one glass of beer. The beer was intoxicating liquor. I paid 5 cents for the ticket on the previous night, that is I put 5 cents in a box in the club room defendant had charge of. Karl Feige told me I would have to get tickets the night before I used them, and I did so. The tickets which we get merely represent our respective interest in the beer, which is paid for in Fort Worth. The beer is ordered by the steward for us and paid for at Fort Worth. I have never given an order for any beer to the Germania Association. I got the beer I drank there by means of tickets as above stated."

In our opinion this evidence establishes a sale of the beer, shown to be intoxicating liquor, in Johnson County. The judgment is accordingly affirmed.

                                                      *Affirmed.*