(79 South. 147)

PULLEN v. CITY OF SELMA. (2 Div. 168.)

(Court of Appeals of Alabama. May 7, 1918.)

MUNICIPAL CORPORATIONS ⬦592(2)—OPERATION OF AUTOMOBILES — PASSING STREET CAR—ORDINANCE AND STATUTE.

City ordinance, requiring operator of motor vehicle to stop not less than foot from rear of any street car taking on or letting off passengers, is valid, though Acts 1911, p. 641, § 19, provides that in passing street car, stopped to allow passengers to alight or embark, operator of motor vehicle shall slow down and stop if necessary.

Appeal from Circuit Court, Dallas County; J. B. Evans, Judge.

C. J. Pullen was convicted of violating an ordinance of the City of Selma, prohibiting automobiles from passing street cars taking on or letting off passengers, and he appeals. Affirmed.

Arthur M. Pitts, of Selma, for appellant. Leo Leva, of Selma, for appellee.

BRICKEN, J. The defendant was tried and convicted of violating an ordinance of the city of Selma "to prohibit automobiles from passing street cars while taking on or letting off passengers."

The main question presented on this appeal is whether or not this ordinance is valid. The demurrers to the complaint filed by the city raise this question, it being insisted by the appellant that the ordinance is null and void because it is in conflict, and is therefore inconsistent with the general laws of the state, the contention being that the city ordinance in question requires the operator of a motor vehicle to bring his car to a complete stop not less than one foot from the rear of any street car that is taking on or letting off passengers, while the state law (Acts 1911, p. 641, § 19) provides that:

"In approaching or passing a car of a street railway which has been stopped to allow passengers to alight or embark, the operator of every motor vehicle shall slow down, and if it is necessary for the safety of the public, he shall bring said vehicle to a full stop."

This statute, as well as the ordinance in question, was passed for the safety of passengers getting on or off of street cars. In this respect there is no conflict; to the contrary, the state law and the city ordinance are in perfect accord. And we are of the opinion that, simply because the ordinance provides a somewhat different method of complying with this law, and therefore accomplishes the manifest purpose both of the statute and of the ordinance, it cannot be said that the one is inconsistent with the other, and should therefore be stricken. Neither can it be said that the ordinance infringes the spirit or is in any manner repugnant to the general laws of the state bearing upon this question. "The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescriptions." B. R., L. & P. Co. v. Milbrat (Sup.) 78 South. 228;[1] Adler v. Martin, 179 Ala. 97, 113, 59 South. 597; Borok v. Birmingham, 191 Ala. 75, 67 South. 389, Ann. Cas. 1916C, 1061; Turner v. Lineville, 2 Ala. App. 454, 56 South. 603.

The ruling of the trial court being in harmony with the views herein expressed it follows that the judgment of conviction must be affirmed.

Affirmed.