183 So. 421

**CITY OF BIRMINGHAM v. WEST.**

6 Div. 343.

Supreme Court of Alabama.

June 30, 1938.

Rehearing Denied Oct. 6, 1938.

W. J. Wynn, Harvey Deramus, and James H. Willis, all of Birmingham, for appellant.

with the state law in that respect. Acts 1936–37, Sp.Sess., page 230.

She alleges that the city ordinance is illegal and unconstitutional, because its requirements are in conflict with those of the State law, and are confiscatory. She further alleges said ordinance is void because it prohibits her from keeping her dog in the city after the month of April, 1938, or in any succeeding year after the month of February, when it has not been vaccinated as provided in it.

After hearing the evidence the court decreed as follows:

"Enjoined and restrained from molesting, interfering with or *taking up, or impounding the dog of the complainant,* now, or at any other time in the future and *from demanding and collecting any fee as a tax for a dog tag for said dog,* or any other dog, *so long as said dog shall have been inoculated with anti-rabies vaccine within six months prior to the date of this decree,* as provided by the laws of the State of Alabama, as provided by Special Act of the Legislature 1936–37; said inoculation of anti-rabies serum or vaccine having been injected in said dog in such amount as shall have been prescribed by a regularly licensed competent veterinarian of the State of Alabama, either of whom shall have inoculated *said dog with an amount of vaccine or serum in the amount of not less than five centimeters to the twenty pound weight of the dog as is recommended by reason* of scientific tests as have been made by competent veterinarians, scientists, and manufacturers of such serum, as was shown by the evidence in said cause, and the dog of complainant or any other dog, shall not be molested, impounded or interfered with in the future provided said dog shall have again been so inoculated within twelve months from the date of the last inoculation as above described and set out." (Italics supplied.)

The County Board of Health has not taken steps to enforce the State law in Jefferson County. They take the position, as the evidence shows, that it is not satisfactory and will not operate successfully; so that the city has adopted the ordinance in question.

Some points of difference are (1) the State law exempts dogs confined in an enclosure, or on a leash or muzzled; the ordinance has no such exemption; (2) the

Morel Montgomery, Howard Perdue, Jr., Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellee.

FOSTER, Justice.

Appellee filed a bill in equity to enjoin the city of Birmingham from enforcing a certain city ordinance pertaining to the vaccination of her dog against rabies, and to the collection of a license fee. She alleges that she owns a dog and keeps him at her residence in the city of Birmingham, and at all times within its curtilage, never allowing him to run at large, but confines him in a small enclosure of wire; that he was vaccinated against rabies in December 1937 by a licensed veterinarian in compliance

State law exacts no license fee; the ordinance makes a charge of $1 annually; (3) the State law authorizes the rabies inspector, appointed by the county health authorities to fix a day annually by which time dogs shall be vaccinated; the ordinance is that this must be done with a city license tax paid in 1938 before the first of May, and thereafter in each calender year before the first of March; (4) the State law does not fix the minimum dose; the ordinance makes it five centimeters for each twenty pounds of dog weight.

The bill is not specific in alleging in what respect the ordinance is unconstitutional and void, but it seems to be predicated upon a claim that the ordinance is in conflict with the State law, violating section 89 of the Constitution, and that the city has no right to impose a tax of $1 as a license fee. The circuit court agreed with the contention, but in the light of the evidence declared what should be the minimum dose. The evidence also showed that it would be beneficial and in no respect harmful to give this treatment twice annually.

When complainant's dog was vaccinated in December 1937, it was not done pursuant to instructions of a rabies inspector under section 3 of the State law, p. 231, and the amount of the dose is not shown. There was no such inspector in Jefferson County, and no date fixed by him for the calender year 1938 when it must be done. But complainant had it done presumably in the exercise of her own judgment. The city ordinance was not then in force, nor the State law set in operation in Jefferson County. The ordinance was adopted March 1, 1938. Complainant declined to have her dog vaccinated again, and the court sustained her claim and relieved her of paying the city license fee.

The State Act provides that nothing in it shall "be construed to in any manner limit the power of any municipality to further control and regulate dogs in such municipality, in any manner not in conflict with this Act." Gen.Acts 1936–37, Sp. Sess., p. 234, § 14. Since the county authorities were not enforcing the State law because they conceived it to be inadequate, as the evidence shows, the argument is made that the city cannot make and enforce an ordinance except within the limits of the State law. The State law does not require the treatment of a dog confined in an enclosure, or kept under leash or muzzled, and exacts no license fee.

The evidence by the county health authorities is that such an exception is far from safe; they experience cases every week from rabies contracted by a dog which is thus confined; that Birmingham has experienced more cases of rabies than any other place in the civilized world whose records are available.

The State Act here in question is no more restrictive in its prohibition of cities in this respect than is section 89, Constitution, which prohibits such conflicts even though authorized by legislation. The police power of Birmingham is fully operative, when not in conflict with section 89, or some other provision of the Constitution, even to the extent that though the State exacts a license upon some business, the city may in the exercise of its police power prohibit it in the territory over which its power exists. Mitchell v. Birmingham, 222 Ala. 389, 133 So. 13; General Acts 1915, page 296, section 6; Gilchrist Drug Co. v. Birmingham, 234 Ala. 204, 174 So. 609, 111 A.L.R. 103; Birmingham v. Hood-McPherson Realty Co., 233 Ala. 352, 172 So. 114, 108 A.L.R. 1140. Section 89 is said not intended to limit the police power of a city, but means that a city cannot make that lawful which the State law has rendered unlawful. Ex parte Cowert, 92 Ala. 94, 9 So. 225; Ward v. Markstein, 196 Ala. 209, 72 So. 41.

But it may, and frequently does, prohibit acts which are not prohibited by State law and even licensed by it as in Mitchell v. Birmingham, supra; Ex parte Cowert, supra.

The fact that an ordinance enlarges upon the provisions of a statute by requiring more restriction than the statute requires creates no conflict, unless the statute limits the requirements for all cases to its own prescriptions. Birmingham Ry., Light & P. Co. v. Milbrat, 201 Ala. 368 (6 and 7), 78 So. 224; Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40, certiorari denied Ex parte Beasley, 203 Ala. 696, 82 So. 893; Pullen v. Selma, 16 Ala.App. 473, 79 So. 147.

It is clear to us that although the State law does not require a dog kept in an enclosure, or under leash or muzzled, to be vaccinated, that circumstance does not prohibit a city by ordinance from making such requirement; and that the city

may make the calendar year the unit and require vaccination in that year and before a fixed date, notwithstanding a vaccination in December of the preceding year, when not in conflict with State law. For like reasons it is not inconsistent with the State law in that it requires the annual payment of a license fee of $1 not required by State law.

 It is also insisted that the amount of $1 as a license fee is unreasonable and confiscatory under the Fourteenth Amendment, Federal Constitution, U.S.C.A.Const. Amend. 14. Assuming that this particular license charge is attributable alone to an exercise of the police power, we cannot agree that it is unreasonable and confiscatory. The State has in several acts fixed by statute a similar license tax of $1 in an exercise of the same power. Acts 1915, page 599; Acts 1919, page 1077. These acts were held not to be in violation of section 211, Constitution, relating to a tax on property. Barefield v. State, 16 Ala.App. 491, 79 So. 396. No question as to the unreasonable amount of that tax seems to have been raised. It is said: "The primary purpose of laws for the licensing of dogs is the protection of the public from injury or damage done by such animals." 3 Corpus Juris S. 1092. Prima facie the tax is reasonable, and the amount is not to be measured by the individual status of one taxpayer. Hale v. State, 217 Ala. 403, 116 So. 369, 58 A.L.R. 1333. There must be taken into consideration the extent of injury to the public which is sought to be prevented. It could be as great (and very great) by a rabid dog of no value as by one of much value.

We cannot here consider the claim that the redemption charge of $3 is confiscatory, or that the notice is insufficient, because complainant does not show that her dog has been impounded, or that it has been disposed of without giving her due notice. We consider constitutional questions to determine actual existing rights thereby controlled, not academic questions in that respect. We do not mean here to imply that there is a doubt about the proper answer to this contention.

We do not think that there is merit in the contentions that the city ordinance is in conflict with the State law or is unreasonable or confiscatory in amount in violation of the State or Federal Constitutions requiring due process and equal protection in respect to the matters we have discussed.

The decree must therefore be reversed and one here rendered denying relief to complainant and dismissing the cause.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.