## City of Harlan v. Scott et al.

May 8, 1942.

Gus Bruner, City Attorney, for appellant.

R. Kent Sampson and D. B. Smith for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The City of Harlan on February 6, 1939, passed an ordinance which, in effect, made it unlawful to operate a picture show on Sunday after six o'clock P. M. and provided a fine of not less than $5 nor more than $15 for each violation.

The appellee, L. B. Scott, General Manager of the appellee, Phoenix-Harlan Theater Company, was arrested and fined for violation of the ordinance and thereupon, in conjunction with the theater company, instituted this action, alleging invalidity of the ordinance and seeking injunctive relief on account of threatened- multiplicity of prosecutions under the ordinance.

The appellant's demurrer to the petition was overruled and, upon its declining to plead further, judgment was rendered enjoining it from enforcing this ordinance as against appellees. This appeal is prosecuted from that judgment and the only question raised is as to the correctness of the trial court's judgment holding the ordinance invalid.

There can be no doubt as to the constitutionality of laws prohibiting work and labor and the following of trades and occupations on Sunday and particularly is this true as to laws prohibiting the operation of picture shows. Capital Theater Co. v. Com., 178 Ky. 780, 199 S. W. 1076; Strand Amusement Co. v. Com., 241 Ky. 48, 43 S. W. (2d) 321. In these two cases it was held that the operation of a picture show on Sunday was a violation of Kentucky Statutes, Section 1321, prohibiting any person from being found at his own trade or calling and from employing other persons in labor or other business. However, those cases were decided prior to the 1934 amendment to Section 1321. By that amendment it was provided that the operation of a moving picture show should not be construed a work, labor, trade, business or calling within the meaning of the section.

Thus, we have a plain legislative declaration of policy regarding the operation of picture shows on Sunday, declaring that they shall not be construed as work or labor within the meaning of the Sunday closing law. This being true, it follows that a municipal ordinance prohibiting Sunday operation of picture shows is invalid since all municipal authority comes from the Legislature and municipal ordinances must be in harmony with the general laws of the State. An ordinance may cover an

authorized field of local laws not occupied by general laws but cannot forbid what a statute expressly permits and may not run counter to the public policy of the state as declared by the Legislature.

While Sunday prohibitory laws have a religious origin, they are held constitutional not on religious grounds but only upon the theory that the establishment of a compulsory day of rest is a legitimate exercise of the police power, and the inhibition is against laboring, or causing employees to engage in labor, on Sunday, not against the business itself. Strand Amusement Co. v. Com., supra. When the Legislature declared the public policy of the state relative to picture shows in connection with Sunday observance and provided that they should not be construed to be work or labor, it removed the only sustaining constitutional support for such prohibitory legislation. It is clear, therefore, that a municipal corporation has no power to *prohibit* the operation of picture shows on Sunday.

The remaining question then is as to the validity of an ordinance prohibiting operation during certain hours on Sunday. In considering this question Sunday must be regarded as any other day since, as pointed out, no prohibition on religious grounds is sustainable. The question then is, may city ordinances forbid the operation of a picture show on any day, or days, of the week after six o'clock P. M. This, of course, depends on whether such a regulation is reasonable or arbitrary— regulation of hours for the conduct of a legitimate business must be reasonable and may not be rested upon assumed or imaginary grounds for which there is no foundation and, to be sustainable, any regulation of a legitimate business must tend in some degree towards the preservation of the public health, morals, safety or welfare of the people. See City of Louisville v. Kuhn, 284 Ky. 684, 145 S. W. (2d) 851, in which an ordinance requiring the closing of barber shops at six P. M. was held invalid as being arbitrary and unreasonable. We think the reasoning in that case is practically determinative of the question now under consideration. As a matter of common knowledge the most usual, profitable and convenient time of operation of a picture show is after six P. M. A major portion of picture show patrons are unable to attend before that hour. We are unable to imagine how the closing of shows at six P. M. on any

particular day of the week would tend in any degree towards the prevention of offenses or the preservation of the health, morals, safety or welfare of the people. A closing at this hour on Sunday might tend to encourage attendance at divine services, but, as heretofore indicated, such regulatory or prohibitive legislation has never been upheld on religious grounds.

It seems clear that the closing hour provided by this ordinance is arbitrary and unreasonable when considered in the light of the legislative declaration of public policy revealed in the 1934 amendment to Section 1321. This being true, the chancellor correctly enjoined the enforcement of the ordinance.

Judgment affirmed.