SPARGER v. HARRIS et al.

No. 31221. Dec. 8, 1942.

*131 P. 2d 1011.*

Sigler & Jackson, of Ardmore, for plaintiff in error.

J. B. Moore, of Ardmore, for defendants in error.

DAVISON, J. This case is presented on appeal from the district court of Carter county. It involves the validity of an ordinance of the city of Ardmore, a city operating under a charter form of government, prohibiting the sale on Sunday of beer containing not more than 3.2% of alcohol by weight, commonly called "three-two beer." There are other provisions of a regulatory nature contained in the ordinance which do not constitute the basis of any attack in this proceeding, and which will therefore not be a subject of discussion in this opinion.

The action was instituted in the trial tribunal on November 12, 1942, by G. W. Sparger, as plaintiff, against Clarence Harris, city manager of the city of Ardmore, and Tom Kyle, chief of police of the city of Ardmore, as defendants.

The plaintiff in his petition alleged in substance his ownership of a place of business in the city of Ardmore known as "Puny's Steak House," where he sells all kinds of food and lawful drinks, including 3.2 beer. Plaintiff asserts that his profits from the sale of such beer constitute a substantial part of his income from the business. That he has, in compliance with and in accord with the law of the State of Oklahoma, procured a license to sell such beer which he asserts entitles him, as a matter of law, to sell beer seven days in the week. He sought injunctive relief against the enforcement of the ordinance.

In their answer the defendants incorporated a general denial, excepting only such matters as should be thereafter admitted. They then admitted that plaintiff was engaged in the restaurant business and sold 3.2 beer. They

also admitted that such beer is a legal and lawful commodity in Oklahoma, but asserted that the sale is subject to regulation, and that, if taken in sufficient quantities, it would produce intoxication. They assert that the city ordinance attacked in this proceeding constitutes a valid regulative enactment by the legislative body of the municipality.

To this answer the plaintiff demurred, which demurrer was by the court overruled, and the plaintiff thereupon elected to and did stand upon his demurrer. Thereupon the defendants at their own instance introduced proof. Thereafter judgment was rendered for the defendants. The plaintiff appeals, appearing herein as plaintiff in error.

The plaintiff has, by his demurrer and election to stand thereon, admitted the truth of all of the statements in the answer. The proof of the defendants need not be examined for the purpose of determining its sufficiency.

The prohibition ordinance of our State Constitution prohibits the sale of intoxicating liquors within the state. The provisions of that ordinance are self-executing. Ex parte Cain, 20 Okla. 125, 93 P. 974. Thus, regardless of legislation on the subject, the sale of intoxicating liquors in the state is prohibited and therefore illegal. The admission of the defendants that 3.2 beer is a legal and lawful commodity necessarily includes an admission that the legislative classification of the beverage (37 O. S. 1941 § 162a) as nonintoxicating constituted an appropriate exercise of legislative power. This admission of the defendants eliminates the necessity of any discussion of any question relating to the power of the Legislature to make the classification which has been made.

In the light of the formal admission above referred to, the subsequent assertion, to the effect that beer containing as much as 3.2% of alcohol can result in intoxication if consumed in sufficient quantities, is not to be taken as a challenge of the legislative classification as to what is intoxicating liquor. Obviously, its appearance in the plead-ing is to justify its classification by the Ardmore city ordinance for regulatory purposes on a different basis than other beverages which contain no alcohol at all. This because a classification appearing in a regulatory ordinance of a municipality must be based on some real and justifiable difference in the articles, businesses, occupations, or other items differentiated by the classification. 37 Am. Jur. 773, et seq.; Shinn v. Oklahoma City, 59 Okla. Cr. 433, 61 P. 2d 1126. The truth of the allegation is admitted by the plaintiff.

The foregoing analysis of the pleadings prescribes the limits of the scope of our inquiry. The inquiry may be further simplified by assuming without deciding that the presence of a small percentage of alcohol in the beverage before us affords a proper and justifiable reason for making a classification between it and other beverages which are the subject of sale and disposal. Thus we are assuming that, if the sale of a legal beverage or drink may be prohibited on Sunday, beer as such legal beverage may be isolated and prohibited without prohibiting the sale of other beverages. This assumption eliminates any question relating to unconstitutional discrimination, and brings us to the single question: Can the sale of a drink which may be legally sold throughout the week be prohibited on Sunday by municipal ordinance? In this jurisdiction the answer to the question is, no. This answer is determined upon consideration of our statutes affecting the subject. 21 O. S. 1941 § 908 provides in part:

"Sabbath-breaking defined—The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking: . . .

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and *except that food and drink may be sold to be eaten and drank upon the premises where sold,* and drugs, medicines, milk, ice and surgical appli-

ances and burial supplies may be sold at any time of the day. R. L. 1910, sec. 2405; Laws 1913, ch. 204, p. 456." (Emphasis ours.)

In the case of Ex parte Ferguson, 62 Okla. Cr. 145, 70 P. 2d 1094, it was pointed out by the Criminal Court of Appeals of this state that the foregoing section of the statute (then sec. 2564, O. S. 1931) was a part of the general laws of the state.

It was also pointed out in that case that the municipalities of this state may under our Constitution adopt charters in which they reserve unto themselves the full power of local self-government insofar as such powers may be exercised in a manner not inconsistent with the Constitution and general laws of the state. This last-mentioned exception, however, precluded the enactment of municipal ordinances which run counter to such general laws. See Ramsey v. Leeper, 168 Okla. 43, 31 P. 2d 852, and City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, 35 A. L. R. 872.

In the case of Ex parte Ferguson, supra, a Sunday closing ordinance was declared invalid for two reasons: First, because it was discriminatory, and, second, because it ran contrary to the general laws of the state.

By reason of the assumption of the existence of a basis for classification and distinction between beer and other drinks as hereinbefore stated, the theory of discrimination as expressed in the Ferguson Case is not applicable to the theory upon which this case is being considered. However, the additional theory as therein stated of a conflict between the general laws of the state and the questioned ordinance is directly in point and of controlling importance in this case.

The case of Ex parte Hodges, 65 Okla. Cr. 69, 83 P. 2d 201, also cited by petitioners, is based upon a discrimination and will not be analyzed herein for the reason stated, supra.

We then have before us a statute, a part of the general law of the state, which authorizes the sale of food and drink to be consumed on the premises. In conjunction therewith we have another statute which classifies 3.2 beer as a legitimate nonintoxicating beverage or drink. In connection with the statute so classifying beer (37 O. S. 1941 § 162 et seq.) the Legislature has not undertaken to remove it from the operation of the first mentioned statute. Beer, then, is a drink and under the first-mentioned statute can be sold on Sunday for the purpose of consumption on the premises where sold, providing, of course, the regulatory provisions of the statutes enacted to regulate the sale of beer are complied with, as well as valid municipal ordinances if the sale occurs within a city.

We have before us an ordinance which prohibits sales which the general laws of the state authorizes.

It is suggested by the defendants that the word "necessary" should be read into the statute as a qualifying adjective before the word "drink." To do so would constitute a judicial usurpation of legislative power and would lead to a field of speculation which the judicial branch of the government could not control.

Those who abstain from coffee, tea, coca cola, or other common beverages could, with equal propriety, claim these beverages are unnecessary, and some who adhere to beer for asserted reasons based on health considerations might well claim that beer is a necessary beverage. Obviously, we cannot repeal in part a legislative act by reading into it language which does not appear therein.

Defendants have called our attention to a former decision of this court approving as valid municipal ordinances closing picture shows on Sunday. Notice Blackledge v. Jones, 170 Okla. 563, 41 P. 2d 649. Picture shows were therein classified as amusements. No statute of this state expressly authorized them to remain open on Sunday. As stated by the Criminal Court of Appeals of this state in paragraph 4 of the syllabus in Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533:

586

"Where the Legislature has made or may by general law make a specific police regulation, that fact of itself will not prevent the lawmaking power of a city from making further regulations on the same subject, not inconsistent with general laws. *A municipality may move in the same direction as the Legislature, but not contrary to nor in an opposite direction.*" (Emphasis ours.)

The defendants also call our attention to cases arising in other jurisdictions dealing with intoxicating liquors and urge that they should be applied herein by reason of the possibility that beer in excessive quantities may produce intoxication. See Cowan v. City of St. Petersburg (Fla.) 6 So. 2d 269, 139 A. L. R. 750; State of Tennessee ex rel. C. W. Major v. Thomas L. Cummings (Tenn.) 158 S. W. 2d 713, 139 A. L. R. 837.

Under the admission of defendants in their pleading, beer must be treated as nonintoxicating when viewed from a legal standpoint, which is the only standpoint from which we may view it. For that reason, and for the further reason that our general statute expressly authorizes the sale of such drinks, we cannot apply the cited cases.

It is our conclusion that the portion of the ordinance relating to the sale of 3.2 beer on Sunday is invalid. As to the other provisions of the ordinance or their severability, we express no opinion. No question is raised in this action in connection therewith. The cause is therefore reversed, with directions to enter judgment for the plaintiff in accord with the views herein expressed.

In presenting the case counsel have refrained from advancing moral or theological reasons in support of their respective positions. This lawyerlike recognition on their part that our decision must be governed by legal considerations is to be commended.

Cause reversed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. HURST, J., dissents to syllabus 5 and the result. CORN, V. C. J., and RILEY, J., absent.