**THE STATE OF FLORIDA**, on the relation of Benevolent and Protective Order of Elks, Lodge No. 1529, a fraternal organization under the Laws of Florida, v. HOWARD G. LIVINGSTON, as County Judge of Highlands County, Florida.

30 So. (2nd) 740
June 3, 1947
Rehearing denied June 20, 1947

January Term, 1947
En Banc

*Guy A. McPherson,* for plaintiff.

*Howard G. Livingston,* in proper person for defendant.

HOLT, Associate Justice:

Relator, a duly organized club and fraternal organization for twenty years, within the definition of Section 561.34 (11) F. S. A., made application to the Board of County Commissioners of Highlands County for a Club license to "sell" intoxicating liquors only to its members and nonresident guests.

The application was denied by the Board, for the reason that Highlands County, pursuant to the provisions of Article XIX of the Florida Constitution, by a vote of 865 against, to 683 for, elected to prohibit the sale of intoxicating liquors therein and, therefore, is known as a "dry" county.

On appeal to the Beverage Director from such refusal, that official approved the issuance of said license and, upon such action and payment of the requested fee, the Tax Collector issued the same and presented it to the respondent County Judge, for his signature, which was refused.

Whereupon petition for alternative writ of mandamus, directed to the County Judge, was filed. The writ was not issued, yet respondent filed motion to quash the petition. The proper procedure would have been to issue the alternative writ, which respondent could have moved to quash, and then have presented the issue squarely before the Court. However, since the Circuit Judge has certified two questions to be answered here, in accordance with the rules, we will overlook this departure from correct pleading. The certified questions are:

"(a) Is the Section 561.34, sub-section 11, Florida Statutes Annotated, constitutional when applied to a county having voted against the sale of intoxicating liquors, wines and beer?

"(b) Does the respondent in this proceeding have authority to raise questions as to the constitutionality of the Act, he being the County Judge, and charged with the ministerial duty of issuing the license applied for, it appearing that he has no other interest in the case?"

Section 561.34 (11) F.S.A., in so far as it is applicable here, provides that bona fide social clubs which shall have been in continuous operation not less than two years shall "before serving or distributing to their members or nonresident guests the beverages defined herein, whether such service or distribution be made upon contribution to the club of money or by check or other service, pay annual license taxes . . . ." And further, "the payment of such club license tax shall authorize the service and distribution to members and nonresident guests of the club only and such service and distribution to said members and nonresident guests shall not be deemed sales within the meaning of the law in this State: . . . "

We must determine whether the foregoing statute conflicts with the organic provision of the Constitution. Section I of Article XIX provides for an election in the county to decide whether "the sale of intoxicating liquors, wines or beer shall be prohibited therein. . . . " Does the word "sale" as used here comprehend every transaction pertaining to liquor, or is it used in a restrictive sense to such an extent

that the Legislature is within its province to enact the questioned provisions of Section 561.34 (11), supra, to be applicable to so-called "dry" counties?

In Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, this Court had under consideration the legality of a statute prohibiting the sale of intoxicating liquors by the drink. See Chapter 6860, 1915, and Chapter 7287, 1917. In discussing one phase of these statutes the Court used these words: "Such was the policy of the State in the regulation of the liquor business in a *non-prohibited* (emphasis supplied) territory until the enactment of. . . . " This statement is as close as the Court has ever approached the principle under discussion here.

In Ex parte Francis, 76 Fla. 304, 79 So. 753, 2 A.L.R. 1068, this Court struck down an act prohibiting the receipt of intoxicating liquors for personal use, and held and owned for that purpose, and not for subsequent sale or transfer.

We said in Ex parte Pricha, 70 Fla. 265, 70 So. 406: "We held in State ex rel Moodie v. Bryan, 50 Fla. 293, 39 So. 929, as we have done in both prior and subsequent decisions, 'the reasonableness or justice of a deliberate Act of the Legislature, the wisdom or folly thereof, the policies or motives prompting it, so long as the Act does not contravene some portion of the organic law, are all matters for legislative consideration, and are not subject to judicial control. The courts are bound to uphold a statute, unless it is clearly made to appear beyond a reasonable doubt that it is unconstitutional.'

"As we also held in the cited cases following prior decisions, 'In passing upon the constitutionality of statutes generally, no matter from what standpoint the assault thereon may be made, it is a well settled and cardinal rule that nothing but a clear violation of the Constitution will justify the courts in overruling the legislative will; and where there is reasonable doubt as to the constitutionality of an Act, it must be resolved in favor of the Act.' "

The local option section of the Constitution, prior to repeal, in 1918, is almost the same as Article XIX, adopted by the people in 1934, and being construed here. The question of clubs and their manner of operation was recognized by the legislature of that time (prior to 1918) as well as by the

courts. Van Pelt v. Hilliard, supra. However, the exact question presented here has never been decided in this State.

The constitution uses the word "sale."

Webster defines "sale" as "a contract whereby the absolute or general ownership of property is transferred from one person to another for a price or sum of money, or, loosely, for any consideration."

While this Court has never ruled on the specific point, the overwhelming weight of authority upholds the view that regardless of how the statute may describe the transaction, the serving of liquor by a bona fide social club is a "sale" within the meaning and definition of the Constitution, and the manner of serving, paying for or other ways to cloak its true meaning cannot in anywise change or alter the transaction.

See State v. Johns, 118 N. W. 295, 140 Iowa 125; Adams v. State (Texas), 145 S. W. 940; State v. Mercer, 32 Iowa 405; Benner v. Tacony Athletic Association, 196 A. 390, 328 Pa. 577; State ex rel Young v. Minnesota Club, 119 N. W. 494, 106 Minn. 515, 20 L.R.A., N. S. 1101; State v. Country Club (Texas), 173 S. W. 570; Bachelors' Club v. City of Woodburn, 119 P. 339, 60 Or. 331; State v. Kline, 93 P. 237, 50 Or. 426; South Shore Country Club v. People, 81 N. E. 805, 228 Ill. 75, 12 L. R. A., N. S. 519, 119 Am. St. Rep. 417, 10 Ann. Cas. 383; People v. Law & Order Club, 67 N. E. 855, 203 Ill. 127, 62 L. R. A. 884; Adkins v. State, 49 Tex. Cr. R. 524, 95 S.W. 506; Ada County v. Boise Commercial Club, 118 P. 1086, 20 Idaho 421, 38 L.R.A., N.S. 101.

See also 30 Am. Juris., p. 404, Sec. 283; also 48 C.J.S., p. 389, Sec. 274, also p. 327, Sec. 123, of the same volume.

It will be noted in the latter authorities the main discussion centers around the question of a club serving liquor to its members without purchasing a license therefor. Here we are construing the effect of a statute authorizing such practice in the light of the Constitution, which prohibits the sale (and this without any qualification whatsoever) of liquor in a county when the people thereof have voted for such status.

And so that portion of section 561.35 (11) quoted above, authorizing the "service and distribution" of intoxicating liquors to its members when such club is located in a county

which is legally "dry" is contrary and repugnant to Article XIX of the constitution and is, therefore, ineffective under the facts disclosed.

This is the answer to the certified question A.

Since this disposes of the entire controversy, it is unnecessary to answer certified Question B.

It is so ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.

THOMAS, C.J., BUFORD and Barns, J.J., dissent.

BUFORD, J., dissenting:

I think the certificate presented in this case does not come within the purview of our rule 38 and therefore we should not assume to answer the question propounded. See Schwob v. Industrial Commission 152 Fla. 203, 11 So. (2nd) 782.

THOMAS, C.J., and BARNS, J., concur.