Denver MOORE d/b/a Geisha Lounge & Club, Appellant,

v.

CITY OF TULSA, Appellee.

No. 48889.

Supreme Court of Oklahoma.

March 15, 1977.

Boyd & Parks, by Ed Parks, Tulsa, for appellant.

Waldo F. Bales, City Atty., and John S. Morgan, Asst. City Atty., Tulsa, for appellee.

HODGES, Chief Justice.

This case involves the review of an administrative proceeding involving a quasi-judicial hearing before the Board of Commissioners of the City of Tulsa, Oklahoma. The matter arose as a hearing on a license suspension for a private club for alleged violation of city ordinances relating to nude dancing and consumption of alcoholic beverages.[1]

1. Tulsa, Okl.Rev.Ord., Title XXI, Ch. 21, § 412(b)(3) (1974) provides:

"It shall be grounds for the revocation or suspension of a license issued hereunder for any

■ It is asserted on appeal that the ordinance regulating nude dancing, Tulsa, Okl.Rev.Ord. Title XXI, Ch. 21, § 412(b)(3) 1974, is an unconstitutional restriction on first amendment rights, and it is also argued that 37 O.S.1971 § 518(b) precludes licensure of private clubs by municipalities. This statute provides in pertinent part:

". . . Provided this Subsection shall not give any city or town any right to determine or regulate the issuance of any license, except as herein specifically provided, as the Board shall have exclusive authority as to said issuance and regulations of said licenses and no city or town may prescribe rules or regulations in conflict with or additional to the statutes of this State or the rules of the Board. . . ."

We do not agree that the ordinance is an unconstitutional infringement on the first amendment which prohibits the abridgement of freedom of speech nor is it precluded by or in conflict with the cited statute. A city under its charter and for a purpose justifying exercise of its police powers may enact an ordinance not in conflict with statutes on the same subject. A constitutional exercise of such power to promote the public peace, health and welfare must serve those ends in a uniform way and accomplish a result that does not defeat the express purpose of the statute.[2] A city which adopts a home-rule charter under the provi-

sions of Okl.Const. art. 18, § 3(a) is accorded full power of local self-government, and as such the city has the power to enact and enforce ordinances to protect the public peace, order, health, morals and safety of its inhabitants even though general statutes exist relating to the same subjects.[3] An ordinance may cover an authorized field of local laws not occupied by general laws and may prohibit acts not prohibited by statute.[4] A municipal corporation may exercise police power on subjects of municipal concern which are also proper for statutory regulation, and where the state has not spoken the position of a municipal corporation is analogous to that of the state to the federal government with reference to matters of interstate commerce.[5] In order for there to be a conflict between a state enactment and a municipal regulation, both must contain either express or implied conditions which are inconsistent and irreconcilable with one another. If either is silent where the other speaks there can be no conflict.[6]

■ The Oklahoma Alcoholic Beverage Control Board (Board) controls licensing of manufacturers, retail liquor stores, and distribution of liquor within the state.[7] The Board is constitutionally created[8] and has the power and duty to supervise, inspect and regulate every phase of the business of manufacturing, importing, exporting, transporting, storing, selling, distributing, and possession for the purpose of sale, all alco-

private club or operator, partner or manager, or person having supervisory control thereof, or employee, to do or permit to be done on or about the licensed premises, any of the following:
'The actual or simulated displaying of the pubic hair anus, vulva or genitals.' "
See note 10, supra, for ordinance pertaining to licensure of private clubs where alcoholic beverages are consumed.

2. *Spartan's Industries, Inc. v. Oklahoma City,* 498 P.2d 399, 401 (Okl.1972).

3. *Sparger v. Harris,* 191 Okl. 583, 131 P.2d 1011, 1013 (1943).

4. *City of Harlan v. Scott,* 290 Ky. 585, 162 S.W.2d 8, 9 (1942); *City of Birmingham v. West,* 236 Ala. 434, 183 So. 421, 423, *cert. den.* 306 U.S. 663, 59 S.Ct. 787, 83 L.Ed. 1058 (1938).

5. *Consumer's Coal Co. v. City of Lincoln,* 109 Neb. 51, 189 N.W. 643, 646 (1922).

6. *Ray v. City and County of Denver,* 109 Colo. 74, 121 P.2d 886, 888, 138 A.L.R. 1485 (1942); *Clemons v. Wilson,* 151 Kan. 250, 98 P.2d 423, 427 (1940).

7. The kinds of licenses and permits which may be issued by the Board pursuant to 37 O.S.1971 § 518 include: licenses for brewers, distillers, winemakers, Oklahoma winemakers, rectifiers, wholesalers, Class B wholesalers, agents, employees, industrial carriers, private carriers, bonded warehouse, storage, non-resident sellers, and manufacturers.

There is no statutory provision for licensure of private premises where alcoholic beverages are consumed.

8. See Okl.Const. art. 27, § 1.

holic beverages.[9] The Board has no control over the private consumption of alcohol in the absence of statutory authorization. Because the legislature has not enacted legislation governing the private consumption of liquor, the City of Tulsa, like many other municipalities in the state, has adopted a private club ordinance.[10] A municipality has the right to license and regulate nudity and the consumption of liquor in private clubs by ordinance for the purpose of protecting the public peace, order, health, morals and safety of its inhabitants under the police power. We do not find that there is any usurpation of state authority or any conflict with statutory provisions or the twenty-first amendment of the United States Constitution which would prohibit the licensing of private premises where liquor is consumed.

In *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) regulations almost identical to those included in this ordinance were promulgated by the California Department of Alcoholic Beverage Control, an administrative agency vested by the California Constitution with primary authority for the licensing of the sale of alcoholic beverages. The United States Supreme Court held in *LaRue* that the twenty-first amendment to the Constitution of the United States repealing prohibition gave the states the authority to determine that sale of liquor by the drink and lewd or nude dancing should not take place simultaneously. These regulations were determined not to be unconstitutional infringements on first amendment rights because they were adopted in the context of licensing bars and nightclubs to sell liquor by the drink, not in the context of censoring a dramatic performance. Oklahoma does not constitutionally or statutorily permit liquor by the drink,[11] but the premise enunciated in *LaRue* is equally applicable to the Tulsa ordinance even though the regulation in *LaRue* related to the sale of liquor by the drink and the pertinent ordinance concerns regulation of premises where alcohol is consumed. Based on the holding in *LaRue* and the reasons enunciated, we find the ordinance is constitutional.

Appellant also complains that they were denied a fair hearing because the Police and Fire Commissioner participated in the hearing and decision which resulted in the suspension of their license.

Appellant points out the Chief of Police initiated the investigation and filed the complaint in this instance and with the Police and Fire Commissioner participating in the hearing as a member of the Board of Commissioners they were denied a fair and impartial hearing. We disagree.

The Chief of Police and the Police and Fire Commissioner are two separate entities with different responsibilities and authority. The Chief of Police has the responsibility of law enforcement. The Police and Fire Commissioner is a member of the Board of Commissioners akin to a city councilman with authority to enact ordinances and make decisions for the operation and management of city government. His special responsibility for the enforcement of police regulations does not per se disqualify him. There being no other allegation of special

---

**9.** 37 O.S.1971 § 514.

**10.** The pertinent enactment, Tulsa, Okl.Rev. Ord., Title XXI, Ch. 21, § 401 (19  ) provides:

"A private club for the purpose hereof is defined as any person, firm, corporation or association, leasing, licensing or otherwise furnishing to or for the use of its members any premises or place whereon such members may engage in the consumption of alcoholic beverages, as defined by the Statutes of the State of Oklahoma, either for a fee, or for any other considerations, including the sale of food, mixers, ice or any other fluids for use or consumption with alcoholic beverages or wherein the space for storage of alcoholic beverages is furnished. The term 'private club' shall be deemed to include key clubs, bottle clubs, locker clubs, pool clubs, country clubs, business clubs, social clubs, or any other kind of club or association which excludes the general public from its premises or place of meeting or congregating and which exercises control over any place where persons are permitted to consume alcoholic beverages other than in a private home."

**11.** The sale of liquor by the drink and operation of open saloons are expressly forbidden by Okl. Const. art. 27, § 4 and 37 O.S.1971 § 537(a)(8).

interest, partiality or prejudice, we find no violation of due process in the Police & Fire Commissioner's participation in the hearing.

AFFIRMED.

LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES and SIMMS, JJ., concurring.

IRWIN and DOOLIN, JJ., dissenting.

DOOLIN, Justice, dissenting.

The majority seeks to justify a municipal ordinance prohibiting certain conduct in private clubs on the basis that a city may regulate, under the authority of its police power, in the nebulous area of private consumption of alcoholic beverages.

This attempted vindication of a constitutionally impermissible regulation of behavior relies on the principles set forth by the United States Supreme Court in *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). While we applaud the City of Tulsa in its efforts, the contested ordinance, an admitted attempt to proscribe certain behavior in conjunction with the consumption and serving of liquor, is unjustified. The majority finds this ordinance does not violate the Constitution of the United States or the statutes of this sovereign state. I find no authority in *LaRue* for this conclusion.

The activities and behavior forbidden by the ordinance, unless found to be obscene by a duly empaneled jury and thus a violation of our criminal laws, are protected first amendment freedoms.[1] This ordinance is not a criminal statute and there has been no adjudication the conduct described in the ordinance is obscene. The ordinance must fall unless some additional power to regulate such behavior is found.

*LaRue* does create an exception to the necessity of a determination that conduct sought to be prohibited is obscene. That decision held the twenty-first amendment to the Constitution of the United States, repealing prohibition, gave to the states the

authority to determine that sale of liquor by the drink and lewd or naked dancing should not take place simultaneously. Because these regulations were proclaimed, not in the context of censoring a dramatic performance but in the licensing by the state of California of bars and nightclubs *to sell liquor by the drink*, they were held to be constitutional.

The right to make laws regulating importation, distribution and sale of liquor is vested in the states by virtue of the twenty-first amendment. Oklahoma has exercised its twenty-first amendment powers in a completely disparate manner from that of California, in that it does not permit liquor to be sold by the drink.

Oklahoma, by legislative enactment, passed the Oklahoma Alcohol Beverages Control Act,[2] creating the Alcohol Beverage Control Board (Board) which is vested with the power to regulate all phases of the sale of alcoholic beverages. Possession of alcoholic beverages by an individual for his personal use is specifically excluded from regulation by § 505 of this act. § 518, as quoted by the majority, provides cities may tax sale of liquor but prohibits a city from further regulation in this area.

The Legislature has thus pre-empted the field of regulation of alcoholic beverages and a city may not enter in a field of legislation reserved to the state except by express permission of the Legislature. In *Seven-Eleven Incorporated v. McClain* 422 P.2d 455 (Okl.1967), we adopted the reasoning of *Ex Parte Higgs*, 97 Okl.Cr. 338, 263 P.2d 752 (1953), and held in regulating the sale of alcoholic beverages, municipalities have only such power as are conferred upon them by the Legislature, and ordinances must be strictly construed against the municipalities.

*LaRue* recognizes a state may legislate in this area. California's legislation granted the Department of Alcoholic Beverage Control (Department), an administrative agency, primary authority to license the sale of

---

**1.** *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).

**2.** 37 O.S.1971 § 502 et seq.

alcoholic beverages in California, permitting it to base the granting of a *liquor license* on compliance with its regulations. These California regulations are almost identical to those promulgated by the City of Tulsa as a basis for *licensing of private clubs*. By granting to the California Department of Alcoholic Beverage Control the right to regulate the sale of liquor in any form, California has therefore authorized it to regulate the conditions under which liquor is sold.

The importation, distribution and sale of liquor are not involved in the Tulsa ordinance. Because of the posture of the liquor laws in this state as opposed to those in California, the exception created by *LaRue* has no application to the ordinance in question. The Oklahoma Legislature has given no equivalent power to regulate sale of liquor to a municipality. This is not a regulation of the Board, an administrative arm of the state, but rather a city ordinance. This is not a liquor license that has been suspended; there is no way under our laws that appellant could obtain a liquor license.

The ordinance, if constitutionally permitted to stand, must be premised on the authority of a city under its police power to regulate "private consumption" of alcoholic beverages. Nowhere in our constitutional or statutory scheme is any municipality given such a power. The twenty-first amendment does not deal with private consumption and our statutes forbid such governmental control.

The majority seeks to broaden the *LaRue* exception to include regulation of private consumption. This is unjustified and without authority. *LaRue* did not hold the twenty-first amendment supersedes all other provisions of the United States Constitution in the area of liquor regulations. The Court stated: "While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it (the State) licenses to sell liquor by the drink." [3]

The United States Supreme Court has recently limited the reach of the twenty-first amendment and the scope of *LaRue* by its decision in *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). In that decision certain Oklahoma statutes were held to be unconstitutional because they discriminated between eighteen year old males and eighteen year old females in the purchase of 3.2% beer. The State of Oklahoma argued the twenty-first amendment under *LaRue* strengthened its authority to enforce state policies concerning sale and distribution of alcohol and should therefore withstand constitutional challenge. The Court stated: "Once passing beyond consideration of the Commerce Clause, the relevance of the Twenty-first Amendment to other constitutional provisions becomes increasingly doubtful." [4] The Court commented that nothing in the history of the twenty-first amendment suggests it qualified individual rights protected by the Bill of Rights.

I agree with another recent federal decision, *Salem Inn, Inc. v. Frank*, 364 F.Supp. 478 (E.D.N.Y.1973), aff'd 501 F.2d 18 (2nd Cir. 1974). There the United States District Court granted a preliminary injunction against a city to restrain it from enforcing an ordinance prohibiting "topless dancing." The district court said, on its face without considering it in the light of *LaRue* and the twenty-first amendment, an ordinance that prohibits conduct that has not been shown to be obscene is violative of first amendment rights. Obviously *LaRue*, which is predicated upon powers of a *state liquor authority*, has no relevance to the constitutionality of the present *city ordinance*.

In a companion case, *Salem Inn, Inc. v. Frank*, 522 F.2d 1045 (2nd Cir. 1975), the court stated: "Twenty-first Amendment

---

**3.** *California v. LaRue*, supra 409 U.S. at p. 118, 93 S.Ct. at p. 397, 34 L.Ed.2d at p. 352.

**4.** *Craig v. Boren*, supra at 97 S.Ct. 461.

does not justify regulatory control over places that serve only food or which provide entertainment but not alcoholic beverages."

As in the *Salem Inn* cases, the ordinance here, although an admitted attempt to regulate consumption and service of liquor, would regulate all private clubs. I thus conclude the ordinance also fails because its application is too broad to be constitutional. See *Yauch v. State and City of Tucson*, 19 Ariz.App. 175, 505 P.2d 1066 (1973).

I do not deny a city, operating under a charter form of government, may under its police power, adopt ordinances which are necessary for the preservation of public health, safety, morals and general welfare of society.[5] I do not dispute the right of a municipality to require a licensee to obey both the liquor and obscenity laws of this state under penalty of license revocation.

Certainly the Tulsa police have the right to arrest any participants for a violation of liquor or obscenity laws. But a city may not act beyond its authority. And without the authority generated by the power to regulate alcoholic beverages under the twenty-first amendment, a city's exercise of the police power must conform to strict requirement of first amendment protections. If the Tulsa ordinance is to be given effect, the question of the obscenity of the behavior described by the ordinance must be tried to a jury.

At this point I feel constrained to comment on the legal fiction upon which this opinion is premised. Art. 27 § 4 of the Constitution of the State of Oklahoma precludes sale of liquor by the drink, whether in private or public, by any person, partnership, corporation or association. Although "sale" and "serving" of liquor are not technically synonymous,[6] it is common knowledge in Oklahoma that this absolute constitutional restriction is "more honored in the breach than the observance." It is folly to

fail to recognize the sale of alcoholic beverages at the Geisha Club is patently precluded in Oklahoma. City's meretricious regulations are not merely aimed at regulating conduct where liquor is "consumed." They are concededly directed at controlling activities taking place in an establishment where the law is broken and alcoholic beverages are illegally sold. As such these regulations are aimed at control of an illegal act which has no basis in law and must not stand. California and other states where liquor by the drink is not unlawful have the constitutional tools to enact these regulations; Tulsa does not.

For the above and foregoing reasons, I respectfully dissent.

---

**5.** Art. 18 § 3(a) Constitution of State of Oklahoma; *Ex Parte Gammel*, 89 Okl.Cr. 400, 208 P.2d 961 (1949); *Jack's Supper Club, Ltd. v. City of Norman*, 361 P.2d 291 (Okl.1961).

**6.** See *Harrell v. State*, 97 Okl.Cr. 204, 359 P.2d 610 (1961) which adopts the view of the Florida

Court in *State ex rel. Ben & Protective Order of Elks, Lodge No. 1529 v. Livingston*, 159 Fla. 63, 30 So.2d 740, 741 stating ". . . the serving of liquor by a bona fide social club is a 'sale' within the meaning and definition of the Constitution . . . ."