INTOXICATING LIQUORS The prohibition of advertising of alcoholic beverages in this State is a constitutional exercise of the inherent police power of this State as buttressed by theTwenty-first Amendment to the United States Constitution and does not contravene either the Commerce Clause or theFirst Amendment to the United States Constitution. Furthermore, the advertising of alcoholic beverages in the State of Oklahoma is expressly prohibited and the Alcoholic Beverage Control Board, together with all other law enforcement officers in this State, should exercise the diligence necessary to enforce the advertising prohibitions contained in Article XXVII, Section 5 of the Oklahoma Constitution and 37 O.S. 516 [37-516] (1971). The Attorney General has considered your request for an opinion wherein you ask the following questions: "Is the Oklahoma constitutional amendment at Article XXVII, Section 5 unnumbered subparagraph 5 a violation of other provisions of the Oklahoma and United States constitutions, since it apparently restricts the right of free commercial speech and the dissemination of thought and ideas guaranteed by the Oklahoma and United States constitutions as set forth in each and as interpreted by cases decided under each? "2. Is the Oklahoma Alcoholic Beverage Control Board selectively enforcing and regulating the law with respect to advertising of alcoholic beverages in Oklahoma since it is apparently imposing no restrictions on the content of advertising issued within Oklahoma for certain manufacturers and is it thereby denying equal protection of the law to other potential advertisers ? "3. Do the aforementioned provisions of our constitution, statutes, rules and regulations impose an undue burden on the free flow of goods and ideas and are they therefore an unconstitutional prohibition by virtue of the 'interstate commerce' clause of the United States Constitution? "4. Are other beer manufacturers being denied equal protection of the law since they cannot or will not advertise because of the apparent constitutional and statutory provisions while other manufacturers advertise with apparent impunity toward the law? "5. Finally, if the Oklahoma constitutional, statutory and regulatory advertising prohibitions are legal and within the police or other power of the state, should the Oklahoma Alcoholic Beverage Control Board prohibit all advertising of alcoholic beverages except those exempted by law?" Article XXVII, Section 5 of the Oklahoma Constitution provides in pertinent part: "It shall be unlawful for any person, firm or corporation to advertise the sale of alcoholic beverage within the State of Oklahoma, except one sign at the retail outlet bearing the words 'Retail Alcoholic Liquor Store.' " Further, 37 O.S. 516 [37-516] (1971) provides as follows: "It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma, except one sign at the retail outlet bearing the words 'Retail Alcoholic Liquor Store,' or any combination of such words or any of them and no letter in any such sign shall be more than four (4) inches in height or more than three (3) inches in width, and if more than one (1) line is used the lines shall not be more than one (1) inch apart." Your questions number one and three, dealing with the constitutionality of the above-cited provisions, will be considered together herein. In Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, Okl., 566 P.2d 1158 (1977), the Oklahoma Supreme Court specifically addressed itself to the constitutionality of the advertising prohibitions contained in Article XXVII, Section 5 of the Oklahoma Constitution and 37 O.S. 516 [37-516] (1971) with regard to the Commerce Clause of the United States Constitution, Article I, 8. In finding the above-cited advertising prohibition to be constitutional under the Commerce Clause, the Court held: "In Head, supra, the Court was considering only the general regulatory police powers of the State. In the case at bar, we have Oklahoma's general regulatory police powers strengthened by the Twenty-First Amendment. In California v. LaRue, 409 U.S. 109, 93 S.Ct. 390,34 L.Ed.2d 342, the Court held that while the states require no specific grant of authority to legislate with respect to matters traditionally within the scope of the general police powers, the broad sweep of theTwenty-First Amendment, prohibiting the transportation or importation of intoxicating liquors into a state in violation of the state's laws, confers something more than the normal state authority over public health, welfare, and morals." See also, Moore v. City of Tulsa, Okl., 561 P.2d 961 (1977). Though Heublein, supra, did not expressly deal with theFirst Amendment problem posed herein, California v. LaRue,409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), as cited by the Court in Heublein, did address theFirst Amendment as it relates to a state's right to control trafficking in alcoholic beverages under its inherent police power as reinforced by the Twenty-first Amendment to the United States Constitution. In that case, the United States Supreme Court found California liquor regulations prohibiting certain sexually explicit live entertainment and films in licensed bars and night clubs did not facially offend the First Amendment, among other provisions, in view of a state's broad authority to control intoxicants. In his concurring opinion, Mr. Justice Stewart stated in part that: "Every State is prohibited by these same Amendments from invading the freedom of the press and from impinging upon the free exercise of religion. But does this mean that a State cannot provide that liquor shall not be sold in book stores, or within 200 feet of a church? I think not. For the State would not thereby be interfering with theFirst Amendment activities of the church or the First Amendment business of the book store. It would simply be controlling the distribution of liquor, as it has every right to do under the Twenty-first Amendment. On the same premise, I cannot see how the liquor regulations now before us can be held, on their face, to violate the First andFourteenth Amendments." It is not the free expression of ideas or thought, commercial or otherwise, which the State's prohibitions of advertising of alcoholic beverages seek to affect. On the contrary, the basis for prohibiting the advertising of alcoholic beverages is the obvious desire of people of this State to prevent the artificial stimulation of demand for liquor which such advertising might create in those persons not otherwise having a propensity to consume alcohol. In State ex rel. West v. State Capitol Co., 24 Okl. 252, 103 P. 1021 (1909), the Oklahoma Supreme Court, in dealing with an early state constitutional prohibition against the advertising of alcoholic beverages, concluded that the ultimate purpose of such measures is to limit or diminish the consumption of alcohol. We are compelled to conclude, therefore, that the fundamental expression of the people of this State and their Legislature, exhibiting a desire to prohibit the advertising of alcoholic beverages, does not contravene either the Commerce Clause or the First Amendment provisions of the United States Constitution. The right of the people of this State to promote the common good by strictly regulating the liquor traffic is fundamentally within their inherent police power as reinforced by theTwenty-first Amendment to the United States Constitution. Regarding your questions number two and four, it is apparent that they involve the determination of issues of fact, and the Attorney General is not authorized and will not attempt to resolve issues of fact and only questions of law will be answered. Upon a plain reading of Article XXVII, Section 5 and 37 O.S. 516 [37-516] (1971), it is clearly apparent that the advertising of alcoholic beverages in any form and by whatever means, is expressly prohibited in this State. The Alcoholic Beverage Control Board, together with all law enforcement officers of this State, is under a duty to carry out this mandate. 37 O.S. 569 [37-569] (1971). We conclude, therefore, that your question number five be answered in the affirmative. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The prohibition of advertising of alcoholic beverages in this State is a constitutional exercise of the inherent police power of this State as buttressed by the Twenty-first Amendment to the United States Constitution and does not contravene either the Commerce Clause or the First Amendment to the United States Constitution. Furthermore, the advertising of alcoholic beverages in the State of Oklahoma is expressly prohibited and the Alcoholic Beverage Control Board, together with all other law enforcement officers in this State, should exercise the diligence necessary to enforce the advertising prohibitions contained in Article XXVII, Section 5 of the Oklahoma Constitution and 37 O.S. 516 [37-516] (1971). (KENNETH L. DELASHAW, JR.) ** SEE: OPINION NO. 79-334 (1979) **