# Arnold v. Commonwealth at Instance of City of Somerset.

March 8, 1949.

Fritz Krueger and Sandusky & Krueger for appellant.

Chris Tartar for appellee.

OPINION OF THE COURT BY JUDGE HELM—Reversing.

The appellant, E. C. Arnold, was acquitted of unlawfully selling "a quantity of a drink or beverage to Lando Perrin" in the police court of Somerset. The city council, being dissatisfied with the decision of its police judge, prayed an appeal to the Pulaski circuit court. The circuit court reversed the judgment of the police court, with directions to proceed with the trial of the defendant as charged in the warrant. Arnold has prosecuted this appeal from that judgment.

The council of Somerset, a city of the fourth class, on February 24, 1947, enacted the following ordinance:

"(1) It shall be unlawful for any person, firm, or corporation to sell in the City of Somerset, Kentucky, any drink containing any malt of any percentage of alcohol.

"(2) Any person, firm, or corporation violating the provisions of this Ordinance, shall on conviction, be fined in the sum of not less than $5.00 nor more than $15.00.

"(3) All ordinances or parts of ordinances in conflict herewith are hereby repealed."

This ordinance was in effect on November 20, 1947, when a warrant was issued for appellant. It is in part as follows:

"It appearing that there are reasonable grounds for believing that from information given on oath that E. C. Arnold has committed an offense of Wholesaling a Drink or Beverage containing a percentage of alcohol in manner and form as follows, to-wit: The said E. C. Arnold did in Pulaski County, Kentucky, and within the corporate limits of the City of Somerset, on the 20th day of November, 1947, and prior to the issue of this warrant unlawfully wholesale a quantity of a drink or beverage to Lando Perrin. Said drink containing malt and a percentage of alcohol at a price unknown to the court in violation of city ordinance in such cases made and provided * * *."

The judge of the police court of Somerset held that:

"The court after hearing argument of counsel and being fully advised, is of the opinion that said ordinance is invalid in that the City Council did not have the authority to pass such an ordinance and that same is discriminatory and void."

The circuit court held that:

"It appearing to the court that this appeal was taken from the Somerset Police Court by the plaintiff, City of Somerset, Ky. pursuant to section 26.110 Ky. Revised Statutes to test the validity and constitutionality of the aforesaid Ordinance.

"It is the opinion of this court that the aforesaid Ordinance is valid and constitutional as coming under the Police Power granted Cities of the fourth class, and the court so holds said Ordinance valid and constitutional."

Under KRS 86.110, cities of the fourth class may "enact ordinances, not in conflict with the Constitution

or statutes, to carry into effect all the powers of the city, and do all things properly belonging to the police of incorporated cities."

In Tolliver v. Blizzard, 143 Ky. 773, 137 S.W. 509, 511, 34 L.R.A.,N.S., 890, we said:

"The test in every case is: Is the prohibition of a particular business or the sale of a particular article necessary to prevent the infliction of a public injury? It is not sufficient that the public sustains harm from a certain trade or employment as it is conducted by some engaged in it. Because many men engaged in the calling persist in so conducting the business that the public suffers, and their acts cannot otherwise be effectually controlled, is no justification for a law which prohibits an honest man from conducting the business in such a manner as not to inflict injury upon the public. Therefore, the power of prohibition may not be invoked as to certain harmless drinks, merely because certain persons, under the guise of selling such drinks, may sell intoxicating liquors. Where it is possible to conduct the business without harm to the public, all sorts of police regulation may be instituted, which will tend to suppress the evil. A rigid system of inspection may be provided; and it may be made a condition of the license that it shall be revoked in case the licensee violates the local option law. Thus the public may be protected from the acts of a violater of the law, while, at the same time, honest men may be protected in their right to pursue an innocent calling. Tiedeman's Limitations of Police Power, Sec. 102."

In 37 Am.Jur., Municipal Corporations, section 165, it is said:

"It is a fundamental principle that municipal ordinances are inferior in status and subordinate to the laws of the state. An ordinance in conflict with a state law of general character and state-wide application is universally held to be invalid. The principle is frequently expressed in the declaration that municipal authorities, under a general grant of power, cannot adopt ordinances which infringe the spirit of a state law or are repugnant to the general policy of the state. Applying the principle specifically, it has often been held that a municipality

cannot lawfully forbid what the legislature has expressly licensed, authorized, permitted, or required * * *.''

Presumably Somerset is dry territory. KRS 242.230 provides that, ''No person in dry territory shall sell * * * any alcoholic beverage.''

KRS 242.010 defines alcoholic beverage as follows:

'' 'Alcoholic beverage' means alcoholic brandy, whiskey, rum, gin, beer, ale, porter, wine and all other spirituous, vinous, malt or fermented liquors, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing more than one percent of alcohol by volume, which are fit for use for beverage purposes.''

The ordinance in question prohibits the selling of ''any drink containing any malt of any percentage of alcohol.'' The statute permits the sale of malt or fermented liquors containing not more than ''one percent of alcohol by volume, which are fit for use for beverage purposes.''

We are constrained to hold that the ordinance is in conflict with the statute.

The judgment of the circuit court is reversed.