The LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY, a Kentucky
corporation, Appellant,

v.

COMMONWEALTH of Kentucky, for Use and
Benefit of the CITY OF COVINGTON,
Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1972.

Martin W. Mitchell, Covington, Milton H. Smith, Louisville, for appellant.

Bert T. Combs, Galen J. White, Jr., Louisville, as amicus curiae.

Edwin H. Henry, City Prosecutor, Donald C. Wintersheimer, Edwin H. Henry, Charles P. Wagner, Covington, Ed W. Hancock, Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

A moving train operated by the Louisville and Nashville Railroad Company obstructed a city street in Covington, Kentucky, for approximately nine minutes. An ordinance of the city made it unlawful for any person or corporation to operate or permit the operation of a train in such a manner as to interfere with the use of a public street for travel purposes for a period of more than five minutes. Louisville & Nashville Railroad Company was found guilty of a violation of the ordinance and fined $250.00.

We sustain the motion for appeal and affirm the judgment.

Appellant contends that the City of Covington has not been delegated power to regulate the operation of trains over grade crossings; that the Covington ordinance is void because it constitutes an unreasonable and arbitrary exercise of police power, and that the Covington ordinance is void because the General Assembly of Kentucky preempted the field of regulation of trains at grade crossings by the enactment of KRS 277.200.

KRS 84.160(6), 94.360 and 96.050 delegate to cities the power to regulate the operation of railroads within the city and to prevent obstruction of the streets.

■ We do not find the Covington ordinance enacted for that purpose to be arbitrary or unreasonable. It is attacked upon the ground that it makes no allowance for such obstruction of the street as may be caused by circumstances beyond the control of the railroad company. The specific language of the ordinance is as follows:

"That it shall be unlawful for any person, firm or corporation directing, supervising or permitting the operation of or operating any railroad locomotive, railroad cars, or railroad train in such a manner as to interfere with the use of a public street in the City of Covington, Kenton County, Kentucky, for travel purposes for a period of more than five (5) minutes. Such conduct shall be evidence of a misdemeanor."

The thrust of this ordinance is against a method of operation of a railroad train such as to interfere with public use of the streets. We do not think the language of the ordinance is susceptible of an interpretation which would allow a conviction of a railroad company for obstructing a street when the circumstances of the obstruction were wholly beyond its control.

Prior to 1970 KRS 277.200 provided as follows:

"No railroad company shall obstruct, by cars or trains, any public highway or street, or the navigation of any stream, for more than five minutes at any one time."

In 1970 this statute was amended so that it now reads as follows:

"(1) No railroad company shall obstruct any public highway or street, or the navigation of any stream, by stopping and permitting trains, engines or cars to stand upon a public grade crossing or upon a drawbridge for more than five (5) minutes at any one time, unless such stopping and standing is caused by circumstances beyond control of the railroad company.

"(2) No member of a railroad train crew shall be held personally guilty of violating a *municipal ordinance* regulating the blocking of public grade crossings by trains, engines or cars, on proof that his action was necessary to comply with the orders or instructions of the railroad company or its officers; Provided That nothing in this section shall relieve the railroad company from any responsibility placed upon it by said *ordinance*." (Emphasis added)

■ The main thrust of appellant's argument is that by enacting KRS 277.200 the General Assembly preempted the field of regulation of obstruction of streets by railroads and that the Covington ordinance conflicts with the state statute and is therefore void.

We find nothing to indicate preemption. On the contrary it appears to us that KRS 277.200(2) expressly recognizes the continued right of municipalities to legislate upon the subject when it provides that nothing in the statute shall relieve the railroad company from any responsibility placed upon it by a municipal ordinance.

■ A conflict exists between an ordinance and a statute when the ordinance permits conduct which is prohibited by statute or prohibits conduct which is permitted by the statute. The Covington ordinance does neither.

It is true that before the 1970 amendment KRS 277.200 was applicable to both standing and moving trains and after the amendment it applied to standing trains only. Thus under the authority of Inland Steel Company v. Hall, Ky., 245 S.W.2d 437 (1952), we would concede a legislative intent to remove obstruction of streets by moving trains from the prohibition of the statute. It does not follow however that the legislature intended to expressly permit the obstruction of city streets by moving trains without limit as to time, or put another way, we do not equate the deletion from the statute with an affirmative ex-

pression of the legislature that no time limits may be placed upon the obstruction of streets by moving trains.

Since the statute did not preempt the field of regulation municipalities were not thereby precluded from making reasonable limitations.

The cases of City of Harlan v. Scott, 290 Ky. 585, 162 S.W.2d 8 (1942), and Arnold v. Commonwealth, 309 Ky. 620, 218 S.W.2d 661 (1949), both relied upon by appellant, are not controlling since they dealt with areas of statutory preemption.

The judgment is affirmed.

All concur.