SPARTAN'S INDUSTRIES, INC., a corporation, and Trade-Mart, Inc., a corporation, Appellees,

v.

OKLAHOMA CITY, Oklahoma, a municipal corporation, and E. W. Lawson, Chief of Police of The City of Oklahoma City, Oklahoma, Appellants.

No. 44750.

Supreme Court of Oklahoma.

May 9, 1972.

Rehearing Denied July 5, 1972.

Miskovsky, Sullivan & Miskovsky, Oklahoma City, for appellees.

Roy H. Semtner, Municipal Counselor, William O. West, Asst. Municipal Counselor, Oklahoma City, Okl., for appellants.

BARNES, Justice:

This appeal involves the constitutionality of City Ordinance No. 12688 enacted in July, 1970, by the Appellant, Oklahoma City. The ordinance in question, commonly referred to as a "Sunday closing" ordinance, is claimed to have been drafted in conformity with Tit. 21, O.S.1961, §§ 907, 908 and 909. The last cited section is not involved in this case. Section 907 forbids as "[Sabbath-breaking] . . . certain acts deemed useless and serious interruptions of the repose and religious liberty of the community." Section 908 describes such acts as:

"First. Servile labor, except works of necessity or charity.

"Second. Trades, manufactures and mechanical employment.

"Third. All shooting, horse racing or gaming.

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, fish and all other foods may be sold at anytime, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial appliances and all other necessities may be sold at anytime of the day."

The purpose of Ordinance No. 12688 is expressed in its SECTION 1 as follows:

"The purpose of this ordinance is to promote the health, safety and welfare of the people of this City and to establish a common day of rest by means of the general cessation of work, which will create an atmosphere of repose and tranquillity in which individuals can relax and families, friends and relatives can gather together for social occasions and recreation, and any violation of this ordinance by conducting prohibited activites is declared to be a public nuisance."

The ordinance's SECTION 2 makes it unlawful "on Sunday except for necessity or charity:

"a. to engage in or conduct servile labor, business, trade, manufactures, or mechanical employment, shooting, horse racing, or gaming, or any manner of selling or offering or exposing for sale publicly, for profit in the usual manner and location or to operate a place of such business open to the public; * * *"

The ordinance's SECTION 3 prescribes exemptions to the activities that the ordinance prohibits as Sabbath-breaking. Subparagraph e exempts the sale of meats and other items specifically mentioned in the statutory enactment (§ 908, supra) and adds to these items, in the same wording as the statute, the general phrase "all other necessities." This is followed by subparagraph f, which reads, in part: "The Council of The City of Oklahoma City hereby declares the following business to be necessary for the preservation of the health, safety and welfare of the people of Oklahoma City as a matter of fact," and exempts the operation of such businesses from the terms of the ordinance. *However, these exemptions are not confined to the sale of items listed in subparagraph e.* Subparagraph f lists twenty-six different types of businesses, including "recreational facilities, amusement centers, fairs and trade shows," which, the City maintains, its City Council, in its wisdom, has determined necessity requires to be operated on Sunday.

At various locations in Oklahoma City, Appellees own and operate retail stores of the variety often referred to as "discount stores." At least one of these stores has a food department, retailing "meats, bread, fish," "milk," "and all other foods," as well as many other items usually sold in supermarkets, such as soaps, detergents, polishes, cleaning fluids, charcoal, and brushes, plus drugs and medicines. All of these stores have food, at least in the form of candy and/or confections, or drinks, that may be consumed on the premises, but, in

addition, they also sell a wide variety of items found in gift, novelty, and department stores, such as art items, cigarette lighters, paints, cosmetics, eye-glass frames, fertilizer, camera film, garbage cans, some electrical appliances, and clothing.

The present appeal arose out of an action by Appellees, hereinafter called "plaintiffs," to enjoin Appellants, hereinafter called "defendants," from enforcing this Ordinance No. 12688, on the ground, among others, that it is unconstitutionally discriminatory.

The trial court upheld plaintiffs' position and enjoined defendants from enforcing the ordinance on the ground that it is not capable of uniform operation and discriminates against retail stores. In the Journal Entry of his judgment, the court noted that plaintiffs' stores offer for sale some of the same items that are sold by some of the businesses exempt from Sabbath-day closing by the ordinance's aforementioned SECTION 3, paragraph f, but that retail stores are not included in the exempted businesses. The court opined, in substance, that if the ordinance, which prohibits plaintiffs' stores from selling many of the items in their respective stocks of merchandise, is to be upheld (as a constitutional exercise of the City's police power), this can only be done on the ground that such prohibition is required for the public's health and welfare, and that, likewise, the permitted sale of the exempted items must be for the same purpose. The court found, however, that, if the sale of many of the *exempted* items was prohibited on Sunday, this "would not affect the welfare of the public, and that *a valid closing ordinance should exempt* the sale of *only* those things which are *necessities*." (Emphasis added.)

■ In general, we agree with the judgment of the trial court. Concededly, a city, under its charter and for a purpose justifying exercise of its police powers, may enact a Sunday closing ordinance not in conflict with statutes on the same subject. But, to be authorized as a constitu-

tional exercise of such power, i. e., to promote the public peace, health and welfare, it must serve those ends in a uniform way and to accomplish a result that does not defeat the express purpose of the statutes. Obviously, the purpose of Sections 907 and 908, supra, is to forbid acts "deemed useless and serious interruptions of the repose and religious liberty of the community," and, to that end, Section 908 forbids "servile labor, *except works of necessity or charity*." (Emphasis added.)

■ Defendants argue that it is "uniquely necessary" for such places of business as amusement centers, recreational facilities, and other businesses exempted by the ordinance's SECTION 3, paragraph f, to operate on Sunday because, otherwise, this "day of rest" would be destroyed. They say: "During days of rest families gather together for entertainment or travel, and, of course, need obvious foods and medical services to sustain life." Defendants also say that the City has "attempted to keep restaurants and theatres open seven days a week for the community and for those visitors in our City"; but their arguments do not demonstrate, to our satisfaction, why such things as cigarette lighters, cosmetics, or camera film are in any way more to be termed "necessities," or their sale is in any way more a work of "necessity or charity," or a less serious interruption of the "repose and religious liberty of the community," within the meaning of Sections 907 and 908, supra, when sold on Sunday, at a recreational facility, amusement center, fair, or trade show, than when sold on the same day in retail stores. Obviously, such products cannot be placed in the same category of life-sustaining necessities as food, medicines, and surgical supplies. Yet under the ordinance in question, such articles may be sold on Sunday at the former places of business, but not at the latter. This obvious discrimination is not shown to "bear any reasonable relationship to the health, safety, morals or general welfare of the public." American Home Products Corporation v. Homsey, Okl., 361 P.2d 297, 302. To partially paraphrase what was said in

Homsey (p. 302): The mere recital in the ordinance of the "reasons for or conditions which gave rise to . . . (its) enactment are not controlling on the courts so that they must declare that to be which palpably is not." In City of Denver v. Bach (Colo.), 26 Colo. 530, 58 P. 1089, 1090, it was said:

" * * * Conceding that the city may have the authority by ordinance to prohibit the carrying on of all business or occupations on Sunday within its limits, except those of necessity or charity, upon the ground that thereby the peace, good order, good government, and welfare of its inhabitants will be promoted and protected, it cannot be said that by singling out certain avocations, which are not of themselves hurtful, or do not in any manner tend to demoralize the public, thereby this end is achieved. The city, in the exercise of its police powers, may subject all occupations within its limits to reasonable regulations, for the protection of the public interests or for the public welfare; but this power is not an arbitrary one, for the avocations which may be controlled by police regulations is a judicial question. Eden v. People, 161 Ill. 296, 43 N.E. 1108. It certainly cannot be of any benefit to either the welfare or good government of the city to limit the exercise of a common right to engage in the business of merchandising in the city, by arbitrarily imposing upon dealers in certain articles disabilities upon Sunday, and yet allow others, who happen to be engaged in a business or avocation of a different character, neither necessary nor charitable, to continue it upon that day, although the effect upon the public generally, by permitting such business or avocation to be carried on, would be the same as would result from the carrying on of business on Sunday by those prohibited from so doing."

See also the discussion and other cases cited in County of Spokane v. Valu-Mart, Inc., 69 Wash.2d 712, 419 P.2d 993, and the annotation to City of Mt. Vernon v. Julian,

369 Ill. 447, 17 N.E.2d 52, 119 A.L.R. 747. We think that, on the face of it, this ordinance discriminates against plaintiffs in a way that is contrary to, and is in violation of, Art. 5, § 51, of our Constitution. Defendants have failed to convince us that such an attempted exercise of police power may be justified on the grounds of keeping the peace, public health, welfare, or any other legitimate ground for the exercise of such power. We consider neither Ex parte Johnson, 20 Okl.Cr. 66, 201 P. 533, nor any of the other cases cited by defendants to be in point. On the other hand, our conclusions in this case conform to the principles discussed in the above cited cases and in previous opinions of this State's Court of Criminal Appeals, such as Ex parte Pappe, 88 Okl.Cr. 166, 201 P.2d 260.

We have considered all of the various arguments advanced by the defendants, but find them of insufficient merit to warrant reversing the judgment of the trial court. That judgment is therefore affirmed.

All Justices concur.