1998 OK CIV APP 27

1998 OK CIV APP 27

**CIRCLE D PAWN # 2, INC., an Oklahoma corporation, and Circle D Pawn # 3, Inc., an Oklahoma corporation, Plaintiffs/Appellants,**

v.

**CITY OF NORMAN, an incorporated municipality, Defendant/Appellee.**

**No. 89440.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 13, 1998.

Laurence K. Donahoe, Oklahoma City, for Plaintiffs/Appellants.

Anita K. Anthony, Norman, for Defendant/Appellee.

### OPINION

GARRETT, Judge:

¶1 Appellants, Circle D Pawn # 2, Inc. and Circle D Pawn # 3, Inc., sued the City of Norman. They seek to invalidate portions of Norman's Municipal Code relating to pawn shops, to force the city to enact ordinances which will comply with Oklahoma's statutes, and to enjoin the City from enforcing the portions of its Municipal Code which do not comply with, or which are more restrictive than State law. Specifically, Appellants complain about the provisions of § 13–1602 of the municipal code which regulate the days and hours during which pawn shop transactions may take place. Appellants filed a motion for summary judgment. The trial court held summary judgment was proper, but not for Appellants. Judgment was entered in favor of City. The court found:

(a) There is no dispute as to the facts herein;

(b) There is no conflict between the state law and the ordinances enacted by the City of Norman;

(c) The ordinances of the City of Norman are a reasonable exercise of the municipalities (sic) police power.

¶2 In their petition in error, Appellants, in their Exhibit C, list the issues on appeal, as follows:

"1. Is the City of Norman municipal code more restrictive than state law, and are those sections that are more restrictive void as a matter of law?

2. Has the State of Oklahoma preempted the field of pawnshop regulation?

3. Does state law entitle pawnbrokers and their customers to equality and uniformity of laws and enforcement regardless of what city or town in which they are located?"

¶3 Appellants first call attention to the Oklahoma Pawnshop Act [59 O.S.1991 §§ 1501, et seq., as amended]. Then they contend that § 13–1602 of City's Municipal Code, which regulates business hours, is invalid because it is more restrictive than the state law. That section provides:

**Section 13–1602. Business hours.**

(A) No pawnbroker shall purchase, take or receive on deposit, or in any other manner procure from any person, any property except between the hours of:

(1) 8:30 a.m. to 6:30 p.m. Tuesday through Friday.

(2) 8:30 a.m. to 9:00 p.m. Saturday and Monday.

(B) Notwithstanding the above subsection, no pawnbroker shall purchase, take or receive on deposit or in any other manner procure from any person, any property on Sunday or any of the following legal holidays: New Year's Day, Martin Luther

King Day, Presidents Day (third Monday in February), Memorial Day, Fourth of July, Labor Day, Columbus Day, Veterans Day (November 11), Thanksgiving Day, day after Thanksgiving Day, Christmas Day, and day after Christmas. In the event the holiday falls on a Sunday, the business shall close the following Monday. If the day after Christmas falls on a Sunday, the business shall not be require to close the following Monday. (Ord. No. 0–7475–8; Ord. No. 0–9293–14)

■ ¶ 4 The "more restrictive" argument is based upon the premise that the state law does not regulate business hours. They contend it follows, based on § 1514 of the Act, infra, that any regulation by City of business hours violates the Act's prohibition of "more restrictive" municipal regulation. We do not agree.

■ ¶ 5 In our view the Supreme Court settled this matter in *Simpson v. Dixon,* 1993 OK 71, 853 P.2d 176. In that case, the court said:

A conflict exists between a state enactment and a municipal charter or ordinance when both contain either express or implied provisions that are inconsistent or irreconcilable with one another. ***There is no conflict if one is silent on the issue and the other speaks to it.*** [Emphasis supplied]

¶ 6 Appellants also claim the Legislature has preempted the field of pawnshop regulation. Thus, in effect, they argue that, at most, a city may only adopt ordinances on this subject which are the same as the state statutes, and any other ordinance is invalid. They cite cases on the subject of regulating the sale of 3.2 beer. For example, see: *7–Eleven, Inc. v. McClain,* 1967 OK 7, 422 P.2d 455.

¶ 7 From statehood until 1959, the manufacture and sale of intoxicating alcoholic beverages was prohibited in the State of Oklahoma. In 1933, soon after the repeal of national prohibition, the Oklahoma Legislature enacted the so-called "3.2 beer" law. Beverages containing 3.2% alcohol, by volume, or less, were declared to be non-intoxi-

cating. That Act, as originally enacted and as since amended, constituted a detailed and comprehensive regulation of 3.2 beer. Local regulation could not be more restrictive, and the Oklahoma Supreme Court has so held. One such case was *Sparger v. Harris,* 1943 OK ——, 191 Okla. 583, 131 P.2d 1011. The field had been preempted by the state law. From time to time, the Legislature has enacted laws which made exceptions, but each time, the delegated power was specifically set forth. See 37 O.S.1991 § 213 relating to business hours, and § 219 relating to regulation of nudity or solicitation of drinks in 3.2 beer saloons.

¶ 8 While there had been prior regulation of pawnshops, the Oklahoma Pawnshop Act (§§ 1501 et seq. of Title 59, supra) was enacted in 1972.[1] From that time until 1988, § 1506(D), in pertinent part, provided:

This act shall not annul or supersede any existing municipal ordinances, nor prevent the enactment of such ordinances, unless said ordinances specifically conflict with the provisions hereof or regulations issued by the Department pursuant to the provisions hereof.

¶ 9 In 1988, the quoted portion of § 1506(D) was removed from the Act, and § 1514 was added. Section 1514 (now 59 O.S.1991 § 1514) is as follows:

Municipalities may enact ordinances which are in compliance with but not more restrictive than the provisions of the Oklahoma Pawnshop Act, Section 1501 et seq. of Title 59 of the Oklahoma Statutes. Any existing or future order, ordinance or regulation which conflicts with this provision shall be null and void.

■ ¶ 10 Municipal regulation of pawnshops is not prohibited, but it is limited.[2] It follows that Appellants question relating to whether the State of Oklahoma has preempted the field of pawnshop regulation, is not a query which may be answered by simply saying "yes" or "no". The answer must be "partially". Partially must mean: "Yes, as far as the Legislature has spoken", but "No, as to matters on which the Legislature has

---

1. That Act has been amended numerous times.

2. See *Simpson v. Dixon,* supra.

not spoken". As applied to the instant case, the answer is "No".

¶ 11  Last, Appellant's third "Issue on Appeal" relates to a claim that pawnbrokers and their customers are "entitled" to uniform regulation [presumably, as to business days and hours] in all cities and towns. While we tend to disagree with Appellants on this point, it appears that this issue was not considered in the briefs filed in the trial court. Thus, this issue will not be considered further.

¶ 12  In view of the above and foregoing, we fail to perceive error as alleged.

¶ 13  AFFIRMED.

JOPLIN, P.J., and JONES, V.C.J., concur.