2007 OK CIV APP 112

FANCY'S ENTERTAINMENT L.L.C., an Oklahoma limited liability company, Lacy McCullough, an individual, and John and Jane Doe, Plaintiffs/Appellants,

v.

The CITY OF ENID, Defendant/Appellee.

No. 103,588.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 23, 2007.

Michael D. Roberts, Roberts Law Office, Enid, OK, for Plaintiffs/Appellants.

Carol Lahman, Kate Naa–Amoah Dodoo, City Attorney's Office, Enid, OK, for Defendant/Appellee.

JOHN F. FISCHER, Presiding Judge.

¶ 1 At issue in this appeal is a City of Enid ordinance prohibiting 18 to 20 year-olds from entering any establishment licensed to sell low-point beer in which nearly nude dancing is permitted. Appellants appeal from the denial of their motion for summary judgment and the grant of the City's motion for summary judgment. This appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp.2006, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Based on our review of the record and applicable law, we find that the ordinance directly conflicts with State law and is, therefore, invalid.

## BACKGROUND

¶ 2 Three appellants or classes of appellants are parties to this appeal: (1) Fancy's, an establishment that provides nearly nude dancing and is licensed to sell low-point beer; (2) Ms. McCullough, a twenty year-old dancer employed by Fancy's; and (3) John and Jane Doe, 18 to 20 year-old patrons of the establishment. Appellants challenge Title 3, Chapter 2, Section 3–2B–11 of the Enid Municipal Code, 2004, which prohibits persons under the age of 21 from entering any "establishment which is licensed to sell low-point beer and which allows persons to perform or work in a nearly nude state." [1]

¶ 3 In October 2004, appellants brought suit against the City in the district court of Garfield County seeking a judgment declaring the ordinance unconstitutional. Appel-

lants alleged that the ordinance constitutes an impermissible exercise of municipal authority, an unconstitutional deprivation of the right to enjoy the gains of one's industry guaranteed by the Oklahoma Constitution, an unconstitutional restraint on appellants' First Amendment rights and a violation of their Fourteenth Amendment right to the equal protection of the law. Appellants filed a motion for summary judgment to which the City responded and joined with its response the City's own motion for summary judgment. After appellants filed an amended petition, the City filed a second motion for summary judgment supplementing the evidentiary support for its motion. Appellants filed a response to each of the City's motions.

¶ 4 The Trial Court heard arguments on the pending motions on May 30, 2006, and by Journal Entry of Judgment filed June 23, 2006, found that "state law did not prohibit the City of Enid's ordinance; the ordinance was not unconstitutional; and, that summary judgment was appropriate for the City of Enid." It is from this order that the appellants have filed this timely appeal.

## STANDARD OF REVIEW

¶ 5 "Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law." *City of Enid v. Pub. Employees Relations Bd.*, 2006 OK 16, ¶ 5, 133 P.3d 281, 284–85. *See also Crockett v. McKenzie*, 1994 OK 3, ¶ 3, 867 P.2d 463, 464; *Daugherty v. Farmers Coop. Ass'n*, 1984 OK 72, ¶ 5, 689 P.2d 947, 949. "[T]he inquiry on appeal concerning the propriety of the entry of summary judgment is limited to potential controversies concerning any issue raised by the pleadings." *Wabaunsee v. Harris*, 1980 OK 52, ¶ 9, 610 P.2d 782, 785. "An order that grants summary relief disposes of legal is-

---

1. The ordinance provides:

3–2B–11: ADULT LOW POINT BEER ESTABLISHMENTS:

A. No person under the age of 21 years shall enter an establishment which is licensed to sell low point beer and which allows persons to perform or work in a nearly nude state.

B. It shall be unlawful for the licensee or its employees to allow persons under the age of

21 years in establishments where low point beer is sold and where persons are allowed to perform or work in a nearly nude state.

C. A nearly nude state is where the human male or female genitals, pubic hair or buttocks is shown or where the female breast below the top of the nipple is visible

D. The violation of this section is a class B offense.

sues and the dispositive issue in this appeal is a question of law. Therefore, on appeal, the review we conduct is *de novo.*" *City of Enid,* 2006 OK 16 at ¶ 5, 133 P.3d at 285.

## DISCUSSION

### I. The Summary Judgment Record

¶ 6 Appellants' motion for summary judgment contains a statement of undisputed facts. However, with one exception, there is no reference in the motion to any evidentiary material supporting appellants' factual contentions. Rule 13 of the Rules for District Courts requires a party moving for summary judgment to file evidentiary material with the motion showing the absence of any controversy as to any fact material to the movant's position. Further, "[r]eference shall be made in the statement to the pages and paragraphs or lines of evidentiary materials that are pertinent to the motion." Okla. Dist. Ct. R. 13(a), 12 O.S. Supp.2002, ch. 2, app.

¶ 7 The City's combined response and motion for summary judgment did not "set forth and number each specific material fact [asserted by the appellants] which [the City] claimed to be in controversy." Rule 13(b). However, both of the City's motions are supported by reference to evidentiary material. Although the appellants responded to each motion, their efforts to dispute the City's factual assertions are not supported by independent evidentiary material as required by Rule 13. Nonetheless, a party opposing a motion for summary judgment may rely on the evidentiary materials submitted by the opposing party. *Id.* From this, we conclude that properly supported evidentiary material in the City's submissions may be considered

in determining the appellants' motion as well as the motions filed by the City.

¶ 8 At the time the Trial Court heard argument on the summary judgment motions, the pertinent undisputed facts were as follows: (1) Enforcement of underage drinking laws is difficult in low-light establishments; (2) The purpose of the ordinance is to reduce underage drinking and other undesirable behavior; (3) No City ordinance prohibits 18 to 20 year-olds from performing or watching nearly nude dancing in Enid as long as the establishment does not sell low-point beer; (4) Fancy's is licensed to sell low-point beer, segregates the area in which it sells low-point beer from the rest of its establishment and does not allow persons under the age of twenty-one to enter that area; and (5) The main purpose of the area outside the designated bar area is not the sale of low-point beer.[2] It is on the basis of this record that the parties' motions for summary judgment must be decided.

### II. The Summary Judgment Motions

¶ 9 Appellants' joint motion for summary judgment asserts four arguments: the ordinance is preempted by Oklahoma law, the ordinance violates the Oklahoma Constitution's guarantee to the benefits of one's labor, the ordinance violates the First Amendment and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.[3] The City's motion argues that the ordinance is authorized by Oklahoma law and that it does not violate either the First or the Fourteenth Amendment.

2. Although the appellants assert this as an undisputed fact, they did not offer any evidentiary support for this assertion. However, the City does not dispute this "fact." The City argues at various points in the record that the ordinance was intended to close a "loophole" in State law which permits 18 to 20 year-olds to enter establishments like Fancy's as long as they do not enter the designated or segregated bar area. Pleading admissions and statements in briefs may supplement the record and provide evidentiary omissions in the record. *Macy v. Bd. of County Comm'rs of County of Oklahoma,* 1999 OK 53, n. 8, 986 P.2d 1130, 1134 n. 8. Further, a

party waives any objection to evidentiary material for the purpose of summary process unless an objection or motion to strike is filed. Rule 13(c).

3. Because we find the ordinance invalid based on the conflict with State law, we need not consider the federal constitutional arguments raised by the parties. *Hagans v. Lavine,* 415 U.S. 528, 546, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1982) (where a decision on state law grounds is dispositive, federal questions need not be reached).

### A. The Conflict with State Law Argument

■ ¶ 10 It is well settled that "[a]n ordinance may cover an authorized field of local laws not occupied by general laws and may prohibit acts not prohibited by statute." *Moore v. City of Tulsa*, 1977 OK 43, ¶ 2, 561 P.2d 961, 963. This, however, is not such an area of the law. The general laws of Oklahoma regulate all aspects of the manufacture, distribution, sale, possession and consumption of low-point beer. *See generally* Title 37 O.S.2001 §§ 1–608. Sections 241,[4] 243[5] and 246[6] of Title 37 specifically regulate the age at which persons may be admitted to establishments that sell low-point beer, including those establishments that segregate the bar area from the remainder of the establishment.

■ ¶ 11 Nonetheless, "municipalities of this state may under our Constitution adopt charters in which they reserve unto themselves the full power of local self-government." *Sparger v. Harris*, 1942 OK 418, ¶ 11, 191 Okla. 583, 131 P.2d 1011, 1013. Underage drinking, while a matter of legitimate concern to local officials, is not exclusively a local matter. *See Application of Kay*, 1959 OK CR 72, 341 P.2d 284, (control of liquor traffic comes within State's police powers). Underage drinking is, in fact, illegal because State law declares it so. Sections 241 and 246 prohibit the sale to and consumption by underage persons of low-point beer. "Charter provisions, which have the force of a city's fundamental law, supersede state law only when they affect a subject that is deemed to lie exclusively within municipal (or local) concern." *Simpson v. Dixon*, 1993 OK 71, ¶ 21, 853 P.2d 176, 186. Consequently, underage drinking is not a purely local matter regarding which the City may enact ordinances that conflict with and supersede State law.

---

4. Title 37 O.S.2001 § 241(B)(amended 2006) provides:

   B. It shall be unlawful for any person who holds a license to sell and dispense low-point beer for consumption on the premises, or any agent, servant, or employee of said license holder, to permit any person under twenty-one (21) years of age to be admitted to or remain in a separate or enclosed bar area of the licensed premises unless said person's parent or legal guardian is present, which has as its main purpose the selling or serving of low-point beer for consumption on the premises. The provisions of this section shall not prohibit persons under twenty-one (21) years of age from being admitted to an area which has as its main purpose some objective other than the sale or serving of low-point beer, in which sales or serving of said beverages are incidental to the main purpose, as long as persons under twenty-one (21) years of age are not sold or served said beverages; however, the incidental service of food in the bar area shall not exempt a licensee, agent, servant, or employee from the provisions of this section.

5. Section 243, which prohibits employment of anyone less than eighteen years of age except outside the segregated bar area, provides, in part:

   A. It shall be unlawful for any person under eighteen (18) years of age to be employed or permitted to work, in any capacity whatsoever, in a place where low-point beer is sold or dispensed for consumption on the premises.
   B. It shall be unlawful for any person under the age of majority to be employed or permitted to work, in any capacity whatsoever, in the separate or enclosed bar area of a place where the main purpose of the area is the sale or consumption of low-point beer. The provisions of this subsection shall not apply to any area which has as its main purpose some objective other than the sale or serving of low-point beer, in which sales or serving of said beverages are incidental to the main purpose; however, the incidental service of food in the bar area shall not exempt a holder of a license to sell low-point beer for consumption on the premises from the provisions of this subsection.

6. Title 37 O.S.2001 § 246(B)(amended 2006) provides:

   If the premises of a holder of a license to sell low-point beer contains a separate or enclosed bar area which has as its main purpose the sale or serving of low-point beer for consumption on the premises, no person under twenty-one (21) years of age shall enter, attempt to enter, or remain in said area. The provisions of this subsection shall not prohibit persons under twenty-one (21) years of age from entering or remaining in an area which has as its main purpose some objective other than the sale or serving of low-point beer, in which sales or serving of said beverages are incidental to the main purpose, if the persons under twenty-one (21) years of age are not sold or do not consume low-point beer anywhere on the premises; however, the incidental service of food in the bar areas shall not exempt persons under twenty-one (21) years of age from the provisions of this subsection. Any persons convicted of violating the provisions of this subsection shall be guilty of a misdemeanor and punished by a fine not to exceed One Hundred Dollars ($100.00).

¶ 12 Municipal ordinances must give way where they conflict with the general laws of the state, and "while they may run concurrent with the general laws of the state they must not run counter thereto." *Ex parte Gammel*, 89 Okl.Cr. 400, 408, 208 P.2d 961, 965 (Okla.Crim.App.1949). However, "In order for there to be a conflict between a state enactment and a municipal regulation, both must contain either express or implied conditions which are inconsistent and irreconcilable with one another." *Moore v. City of Tulsa*, 1977 OK 43, ¶ 2, 561 P.2d 961, 963.

¶ 13 The relevant State statutes are section 241(B), section 243 and section 246(B) of Title 37. These statutes permit 18 to 20 year-old patrons and employees to enter establishments licensed to sell low-point beer if the establishment segregates the area in which low-point beer is sold and does not allow 18 to 20 year-olds to enter or remain in that bar area. Fancy's argues that it segregates its bar area from the rest of its establishment and that the ABLE Commission, the State agency licensed to regulate such matters, has approved the non-segregated area of its establishment as one into which 18 to 20 year-olds may be admitted.

¶ 14 The provisions of section 241 do "not prohibit persons under twenty-one (21) years of age from being admitted to an area which has as its main purpose some objective other than the sale or serving of low-point beer." The provisions of section 243 do "not apply to any area which has as its main purpose some objective other than the sale or serving of low-point beer." And, the provisions of section 246 do "not prohibit persons under twenty-one (21) years of age from entering or remaining in an area which has as its main purpose some objective other than the sale or serving of low-point beer."

¶ 15 In contrast, the ordinance denies entry to a 20 year-old employee of a vendor momentarily delivering goods purchased by Fancy's, as well as a 20 year-old employee of a cleaning service hired by Fancy's, even when the cleaning services are performed while the establishment is closed. The ordinance obviously precludes Ms. McCollough's employment at Fancy's as a dancer or in any other capacity but also denies employment to a 20 year-old server or musician even though the employment of such persons in establishments licensed to sell low-point beer is permitted by State law.[7] Finally, the ordinance denies entry to 18 to 20 year-old patrons who will not enter the designated bar area even though they are specifically permitted to enter the non-bar area of such establishments by State law.

¶ 16 Consequently, the ordinance prohibits persons under 21 years of age from entering or being employed by some establishments that are licensed by the State of Oklahoma to sell low-point beer, and the ordinance is in direct conflict with the State statutes regulating those same establishments. Where the Legislature has previously regulated a field of law, a municipality may not impose stricter regulations absent an express grant of authority by the Legislature. *Ex parte Gammel*, 89 Okl.Cr. at 408, 208 P.2d at 966. The City here asserts that it is expressly granted that authority in 37 O.S. 2001 § 219.[8]

---

7. For example, Title 37 O.S. Supp.2002 § 537(B)(2)(amended 2006), provides, in part:
   B. No licensee of the ABLE Commission shall:
   . . . .
   2. Employ any person under the age of twenty-one (21) in the selling or handling of alcoholic beverages. Provided, that a mixed beverage, beer and wine, caterer, special event or bottle club licensee may employ servers who are at least eighteen (18) years of age, except persons under twenty-one (21) years of age may not serve in designated bar or lounge areas, and a mixed beverage, beer and wine, caterer, special event or bottle club licensee may employ or hire musical bands who have musicians who are under twenty-one (21)

years of age if each such musician is either accompanied by a parent or legal guardian or has on their person, to be made available for inspection upon demand by any ABLE Commission officer or law enforcement officer, a written, notarized affidavit from the parent or legal guardian giving the underage musician permission to perform in designated bar or lounge areas . . . .

8. Section 219 provides:
   All municipalities of this state may enact ordinances prohibiting or regulating nudity or drink solicitation in establishments licensed to sell beverages containing more than one-half of one percent (1/2 of 1%) of alcohol by volume

¶ 17 Section 219 authorizes municipalities to enact ordinances prohibiting or regulating nudity or drink solicitation in establishments licensed to sell low-point beer. However, "[i]t is fundamental in matters of this character that a municipal corporation has only such powers as are conferred upon it by the legislature, and grants of such power are strictly construed against such corporations." *Ex parte Higgs*, 97 Okl. Cr. 338, 340, 263 P.2d 752, 754 (Okla.Crim.App. 1953). The question, therefore, is whether, pursuant to its authority to prohibit or regulate nudity or drink solicitation, the City may deny entrance to those specifically authorized to enter pursuant to State law.[9]

¶ 18 The City's concern with underage drinking is clearly understandable, and its efforts to address this problem are responsible and laudable. Just as clear, however, is the direction taken by the City in pursuit of this purpose. "The City Commission decided to regulate, not by outlawing nearly nude bars; but by restricting the underage persons from entering them." (Defendant's Response to the Plaintiffs' Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment at p. 3.) We must decide whether the Legislature intended through section 219 to grant municipalities the authority to enact ordinances directly in conflict with State laws.

¶ 19 As previously discussed, the City is only permitted to exercise its legislative power "in a manner not inconsistent with the Constitution and general laws of the state." *Sparger*, 1942 OK 418 at ¶ 11, 131 P.2d at 1013. In *Sparger*, the owner of a restaurant licensed to sell low-point beer challenged a city ordinance prohibiting the sale of beer on Sundays. Although Oklahoma law prohibited the sale of intoxicating liquors on Sunday, it did not include low-point beer in the defini-

tion of intoxicating liquors, making it lawful to sell low-point beer on Sunday. The existence of the statute did not automatically preclude the ordinance; as stated by the Oklahoma Criminal Court of Appeals:

> Where the Legislature has made or may by general law make a specific police regulation, that fact of itself will not prevent the lawmaking power of a city from making further regulations on the same subject, not inconsistent with general laws. *A municipality may move in the same direction as the Legislature, but not contrary to nor in an opposite direction.*

*Ex parte Johnson*, 20 Okl. Cr. 66, 66, 201 P. 533, 534 (Okla.Crim.App.1921) (emphasis added). Because the Ardmore ordinance prohibited conduct expressly authorized by the general statutes of the State, the *Sparger* Court found the ordinance to be invalid.

¶ 20 In *7–Eleven, Incorporated v. McClain*, 1967 OK 7, 422 P.2d 455, the Oklahoma Supreme Court invalidated a city zoning ordinance that prohibited the sale of low-point beer by a retail grocery store, which had been licensed by the State to sell that product. The Court held:

> We can only conclude that if a municipality enacts a zoning ordinance which permits the operation of a retail grocery store at a certain location, such municipality is not authorized or empowered to prohibit the sale of non-intoxicating beverages of 3.2% alcoholic content for consumption off the premises at such retail grocery store, if the sale of such beverage at such location is not prohibited by the State Laws of Oklahoma.

*Id.* at ¶ 19, 422 P.2d at 459. The Court reached this conclusion although the city was specifically authorized by Oklahoma statute to enact zoning ordinances.[10]

---

and not more than three and two-tenths percent (3.2%) of alcohol by weight, for consumption on the premises of said establishments.

**9.** The ordinance, as the City argues, does not prohibit nude or nearly nude dancing. And, because sales to or consumption by 18 to 20 year-olds of low-point beer is illegal, it is not readily apparent how the ordinance furthers this purpose of section 219. Nonetheless, we assume, for purposes of this Opinion, that the ordi-

nance is a proper exercise of the authority granted in section 219 to regulate nudity or drink solicitation.

**10.** Likewise, in *Spartan's Indus., Inc. v. Oklahoma City*, 1972 OK 72, 498 P.2d 399, a case not involving the sale of low-point beer, the Court invalidated a city "Sunday closing" ordinance applying the same legal principles relied on by the Court in *Sparger* and *7–Eleven*. The *Spartan* Court reasoned:

¶ 21 Finally, in a 1985 Attorney General opinion, the Attorney General was asked to interpret sections 241 and 246 regarding the admission of 18 to 20 year-olds to an establishment that had as its main purpose something other than the sale of low-point beer. The Attorney General wrote:

> [A]ny person under the age of 21 may enter and remain in an area or establishment which has as its main purpose some objective other than the sale or serving of nonintoxicating beverages, in which sales or serving of such beverages are incidental to the main purpose; provided, no person under the age of 21 may be sold, served or consume nonintoxicating beverages anywhere on the premises.

*Question Submitted by: The Honorable Robert Cullison, Oklahoma State Senate, Oklahoma State Senate,* 1985 OK AG 131, ¶ 13. Based on these authorities, the ordinance is invalid because it clearly conflicts with state statutes.

¶ 22 The City argues that: (1) any authority predating the enactment of section 219 in 1987 is not controlling and (2) the authority to regulate granted in section 219 is not only specific but also distinguishable from a general authority to "move in the same direction as the Legislature." *Johnson,* 20 Okl.Cr. 66 at 72, 201 P. at 536.[11] First, the authorities we have followed in this Opinion were decided on the basis of legal principles fundamental to the relationship between the State and its municipalities. Those principles have been, and are still, consistently applied as

evident from the discussion in *Simpson v. Dixon,*[12] *supra,* decided after the passage of section 219.

¶ 23 Second, the City's authority to regulate "nudity or drink solicitation" derived from section 219 is not unlimited · although this is the logical consequence of the City's argument. For example, the City would, no doubt, concede its inability to "regulate" drink solicitation by permitting that conduct between two o'clock a.m. and seven o'clock a.m., because that conduct is specifically prohibited by State law. *See* 37 O.S.2001 § 213(A). The City could not raise the "drinking age" established by Oklahoma law in sections 241 and 246 pursuant to the authority in section 219. And, it could not "regulate" drink solicitation by permitting establishments licensed to sell low-point beer to sell to intoxicated patrons. *See* 37 O.S. 2001 § 247. While these examples focus on the City's inability to authorize conduct prohibited by State law, we do not find that distinction significant. Likewise, the City cannot, in the circumstances presented by this case, prohibit conduct permitted by State law. *McClain,* 1967 OK 7 at ¶ 0, 422 P.2d at 455 (a city is "not authorized to prohibit sale of nonintoxicating beverages at retail grocery store, if not prohibited by state law.").

¶ 24 One final principle undermines the City's position. "When there is a conflict between two statutes governing the same subject, one specific and one general, the

---

Concededly, a city, under its charter and for a purpose justifying exercise of its police powers, may enact a Sunday closing ordinance not in conflict with statutes on the same subject. But, to be authorized as a constitutional exercise of such power, i.e., to promote the public peace, health and welfare, it must serve those ends in a uniform way and to accomplish a result that does not defeat the express purpose of the statutes.

*Id.* at ¶ 9, 498 P.2d at 401.

11. The City might also argue that section 219 is the legislative response to the Court's observation in *Ex parte Gammel:*

Apparently, the Legislature entered this fertile field and passed such regulations as they thought should surround the sale of [low-point beer]. If they had thought that further regulations in the cities or more populous areas

might have been necessary, it would have been a small matter to have provided that such municipality might pass further regulations to control the sale of such beverages within such municipalities.

89 Okl.Cr. at 410–11, 208 P.2d at 966. That proposition is problematic because if section 219 was a legislative "response" to *Ex parte Gammel,* it was apparently deemed unnecessary for thirty-eight years.

12. In *Simpson,* a successful candidate in a city election argued that her opponent's protest was untimely filed based on a City ordinance enacted pursuant to an express grant of statutory authority to conduct and regulate municipal elections. Finding the election protest process to be governed by State law and the State Constitution, the Court held that the protest was timely filed pursuant to State law.

statute enacted for the purpose of dealing with the subject matter controls over the general statute." *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231. *See also King v. King,* 2005 OK 4, 107 P.3d 570; *Smith v. Southwestern Bell Tel. Co.,* 1960 OK 27, 349 P.2d 646. Sections 241, 243 and 246 specifically determine whether persons under the age of twenty-one may be permitted to enter establishments licensed to sell low-point beer. In contrast, section 219 only authorizes the City to "enact ordinances prohibiting or regulating nudity or drink solicitation." [13] This general grant of legislative authority cannot be construed to authorize the City to regulate the age of admission to low-point beer establishments inconsistent with the specific Oklahoma statutes regulating this issue. Therefore, the more specific statutes, sections 241, 243 and 246 must control to the extent of any conflict with section 219.

**13.** We recognize that, unlike the Oklahoma Pawnshop Act, 59 O.S.2001 §§ 1501–1515, section 219 does not contain specific language authorizing only those city regulations that "are in compliance with but not more restrictive than" State statutes. *See* 59 O.S.2001 § 1514; *Circle D Pawn v. City of Norman,* 1998 OK CIV APP 27, 956 P.2d 931. In *Circle D,* the city ordinance establishing hours of operation for pawn shops did not conflict with the provisions of the Act because no section of the Act specified the hours pawn shops would be permitted to operate.

## CONCLUSION

¶ 25 Enid City Ordinance 3–2B–11 directly conflicts with controlling Oklahoma law and constitutes an impermissible exercise of municipal authority. The ordinance is invalid and unenforceable. The Trial Court erred in denying the Appellants' motion for summary judgment and in granting the City's motion for summary judgment with respect to this issue. The decision of the Trial Court is reversed.

¶ 26 REVERSED.

RAPP, C.J., and WISEMAN, J., concur.

Based on the authorities previously discussed, section 1514 only states the current law as to the effect of conflicting city ordinances, they "shall be null and void." Okla. Const. art. 18, § 13(a) (city charter must be "consistent with and subject to the Constitution and laws of this State"). Consequently, the absence of language in section 219 specifically observing that city ordinances cannot conflict with Oklahoma law cannot be interpreted as authority to enact ordinances that conflict with Oklahoma law.